

1  KUANG-BAO P. OU-YOUNG
2  1362 Wright Avenue
3  Sunnyvale, California 94087
4  (408) 736-7793
5  kbouyoung@yahoo.com
6
7  Plaintiff Pro Se
8
9            UNITED STATES DISTRICT COURT
10          NORTHERN DISTRICT OF CALIFORNIA
11                 SAN JOSE DIVISION
12
13  KUANG-BAO P. OU-YOUNG,          )   Case No.
14                                   )
15                  Plaintiff,       )   CV 14  80174 MISC.
16                                   )   COMPLAINT
17          vs.                      )
18                                   )   DEMAND FOR JURY TRIAL  BLF
19  JOHN G. ROBERTS, JR.,            )
20  Chief Justice,                   )
21  Supreme Court of the United States; )
22  CLAUDIA WILKEN,                  )
23  Chief Judge, United States District Court )
24  for the Northern District of California; )
25  RONALD M. WHYTE,                 )
26  District Judge, United States District Court )
27  for the Northern District of California; )
28  JEFFREY S. WHITE,                )
29  District Judge, United States District Court )
30  for the Northern District of California; )
31  EDWARD M. CHEN,                  )
32  District Judge, United States District Court )
33  for the Northern District of California; )
34  LUCY H. KOH,                     )
35  District Judge, United States District Court )
36  for the Northern District of California; )
37  RICHARD SEEBORG,                 )
38  District Judge, United States District Court )
39  for the Northern District of California; )
40  HOWARD R. LLOYD,                 )
41  Magistrate Judge, United States District )
42  Court for the Northern District of California;)
43  RICHARD W. WIEKING,              )
44  Clerk, United States District Court )
45  for the Northern District of California; )
46  SNOOKI R. PULI,                  )
47  Supervisor, United States District Court )
48  for the Northern District of California; )

Complaint - 1 of 55

1  **SIMONE VOLTZ,**
2  Supervisor, United States District Court
3  for the Northern District of California;
4  **ODILE HANSEN,**
5  Supervisor, United States District Court
6  for the Northern District of California;
7  **CYNTHIA LENAHAN,**
8  Deputy Clerk, United States District Court
9  for the Northern District of California;
10 **MARTHA P. BROWN,**
11 Deputy Clerk, United States District Court
12 for the Northern District of California;
13 **TIFFANY SALINAS-HARWELL,**
14 Deputy Clerk, United States District Court
15 for the Northern District of California;
16 **GORDANA MACIC,**
17 Deputy Clerk, United States District Court
18 for the Northern District of California;
19 **BETTY WATSON,**
20 Deputy Clerk, United States District Court
21 for the Northern District of California;
22 **CHARLES ADAMS,**
23 Deputy Clerk, United States District Court
24 for the Northern District of California;
25 **ERIC H. HOLDER, JR.,**
26 Attorney General of the United States;
27 **MELINDA HAAG,**
28 United States Attorney for
29 the Northern District of California;
30 **CLAIRE T. CORMIER,**
31 Assistant United States Attorney,
32 United States Attorney's Office
33 for the Northern District of California;
34 **JAMES A SCHARF,**
35 Assistant United States Attorney,
36 United States Attorney's Office
37 for the Northern District of California;
38 **STACIA HYLTON,**
39 Director, United States Marshals Service;
40 **DONALD M. O'KEEFE,**
41 United States Marshal
42 for the Northern District of California;
43 **MARK HARWELL,**
44 Supervisory Deputy Marshal,
45 San Jose Office, United States Marshal
46 for the Northern District of California;
47 **PATRICK R. DONAHOE,**
48 Postmaster General of the United States;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Complaint - 2 of 55

| 1 | **DAVID A. LEBRYK,** | ) |
|---|---|---|
| 2 | Commissioner for Fiscal Service, | ) |
| 3 | United States Department of the Treasury; | ) |
| 4 | **DAVID J. YANG,** | ) |
| 5 | An Individual; | ) |
| 6 | **TERESA GUERRERO-DALEY,** | ) |
| 7 | Judge, Department 43, Hall of Justice, | ) |
| 8 | Superior Court of California for the | ) |
| 9 | County of Santa Clara; | ) |
| 10 | **SAN JOSE POLICE DEPARTMENT,** | ) |
| 11 | | ) |
| 12 | Defendants. | ) |
| 13 | | ) |

14

## INTRODUCTION

15

16      1.      On February 2, 2010, plaintiff filed a civil case against the United States Postal

17   Service (the "Postal Service") (Case No. C10-00464RS). District judge Richard Seeborg issued a

18   summary judgment and dismissed the case on June 10, 2011. On May 31, 2012, plaintiff filed a

19   civil case against four postal employees (Case No. C12-02789LHK). Case C12-02798LHK

20   resulted from the postal employees' presentation of false declarations in defense of the Postal

21   Service in case C10-00464RS. On November 9, 2012, district judge Lucy H. Koh dismissed case

22   C12-02789LHK. The dismissal order was entered as judgment on November 21, 2012. On June

23   10, 2013, judge Koh denied plaintiff's motion to vacate the judgment dismissing case C12-

24   02789LHK.

25      2.      Due to judge Koh's denial of the motion to vacate the judgment dismissing case

26   C12-02789LHK, plaintiff filed a civil case on September 25, 2013 (Case No. C13-04442EMC).

27   District judge Edward M. Chen dismissed case C13-04442EMC on December 20, 2013. In the

28   dismissal order, judge Chen also subjected plaintiff's further complaints to "pre-filing review"

29   by "the general duty judge." Acting under judge Chen's order dismissing case C12-04442EMC,

30   district judge Ronald M. Whyte dismissed plaintiff's ensuing complaint on January 30, 2014,

31   before allowing plaintiff to file (Case No. C14-80017RMW).

1      3.      On February 6, 2014, plaintiff filed a complaint exempt from the pre-filing review

2   imposed by judge Chen's dismissal order (Case No. C14-00456HRL). Still, deputy clerk Betty

3   Watson canceled the filing and assigned the complaint to district judge Jeffrey S. White for pre-

4   filing review. On February 13, plaintiff brought a federal criminal complaint against deputy clerk

5   Watson to the district court. At the courthouse entrance, deputy marshal Mark Harwell ordered

6   plaintiff to deliver the criminal complaint to the clerk's office.

7      4.      On February 25, 2014, plaintiff filed a crime report against deputy marshal

8   Harwell with director of the United States Marshal's Service, Stacia Hylton, as well as United

9   States marshal for the northern district of California, Donald M. O'Keefe. Due to the lack of

10  response from either director Hylton or marshal O'Keefe, plaintiff submitted to the House

11  Judiciary Committee a petition for impeachment against judge Whyte, judge Chen, director

12  Hylton, marshal O'Keefe, and deputy marshal Harwell on March 11. On April 25, a revised

13  petition for impeachment was submitted to the House Judiciary Committee.

14     5.      For the sake of brevity, substantial grounds for impeachment have been left out of

15  the April 25 petition. This complaint shows in more detail the improprieties that occurred at both

16  the district court and the Justice Department. More importantly, this complaint seeks to hold

17  defendants accountable for their criminal offenses against plaintiff.

18                      **JURISDICTION AND VENUE**

19     6.      This action raises questions under the federal criminal law against obstruction of

20  justice in 18 U.S.C. §§ 371, 1509, 1512(b), and 1512(c). This court has original jurisdiction over

21  these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1346(b). This court has authority to award

22  the requested declaratory relief under 28 U.S.C. § 2201, the requested injunctive relief under 28

23  U.S.C. § 1343(3), the requested damages under 28 U.S.C. § 1343(3), and legal costs under 42

24  U.S.C. § 1988.

Complaint - 4 of 55

1    7.    Venue is proper under 28 U.S.C. § 1391(b)(2) in the northern district of California

2 because a substantial part of the actions giving rise to this case occurred within the district.

3                              **INTRADISTRICT ASSIGNMENT**

4    8.    Pursuant to Civil L.R. 3-2(c) - (d) and 3-5, this is a civil rights case, in a non-

5 excepted category, suitable for assignment to the San Jose division because the civil action arose

6 in Santa Clara County.

7                                        **PLAINTIFF**

8    9.    Plaintiff Kuang-Bao P. Ou-Young is a pro se litigant.

9                                       **DEFENDANTS**

10    10.    Defendant John G. Roberts, Jr. is Chief Justice, Supreme Court of the United

11 States.

12    11.    Defendant Claudia Wilken is chief judge, United States district court for the

13 northern district of California (the "district court").

14    12.    Defendant Ronald M. Whyte is a district judge at the district court.

15    13.    Defendant Jeffrey S. White is a district judge at the district court.

16    14.    Defendant Edward M. Chen is a district judge at the district court.

17    15.    Defendant Lucy H. Koh is a district judge at the district court.

18    16.    Defendant Richard Seeborg is a district judge at the district court.

19    17.    Defendant Howard R. Lloyd is a magistrate judge at the district court.

20    18.    Defendant Richard W. Wieking is the clerk of the district court.

21    19.    Defendant Snooki R. Puli is a supervisor at the San Jose division of the district

22 court.

23    20.    Defendant Simone Voltz is a supervisor at the San Francisco division of the

24 district court.

Complaint - 5 of 55

1    21.    Defendant Odile Hansen is a supervisor at the Oakland division of the district

2    court.

3    22.    Defendant Cynthia Lenahan is a deputy clerk at the Oakland division of the

4    district court, who receives complaints at the Oakland courthouse.

5    23.    Defendant Martha P. Brown is a deputy clerk at the San Jose division of the

6    district court, who serves as the calendar clerk and courtroom deputy for judge Koh.

7    24.    Defendant Tiffany Salinas-Harwell is a deputy clerk at the San Jose division of

8    the district court, who received complaints at the San Jose courthouse. She also served as a

9    docketing clerk for judge Seeborg.

10    25.    Defendant Gordana Macic is a deputy clerk at the San Jose division of the district

11    court, who received complaints at the San Jose courthouse.

12    26.    Defendant Betty Watson is a deputy clerk at the San Jose division of the district

13    court, who received complaints at the San Jose courthouse.

14    27.    Defendant Charles Adams is a deputy clerk at the San Jose division of the district

15    court, who serves as the chamber deputy for district judge Edward J. Davila.

16    28.    Defendant Eric H. Holder, Jr. is attorney general of the United States.

17    29.    Defendant Melinda Haag is United States attorney for the northern district of

18    California.

19    30.    Defendant Claire T. Cormier is an assistant United States attorney at the United

20    States attorney's office for the northern district of California.

21    31.    Defendant James A. Scharf is an assistant United States attorney at the United

22    States attorney's office for the northern district of California.

23    32.    Defendant Stacia Hylton is director of the United States Marshals Service.

1        33.     Defendant Donald M. O'Keefe is United States marshal for the northern district

2    of California.

3        34.     Defendant Mark Harwell is supervisory deputy marshal at the San Jose Office of

4    the United States marshal for the northern district of California.

5        35.     Defendant Patrick R. Donahoe is postmaster general of the United States.

6        36.     Defendant David A. Lebryk is commissioner for Fiscal Service (successor of

7    Financial Management Service, "FMS"), United States Department of the Treasury.

8        37.     Defendant David J. Yang is an attorney in private practice, who has been admitted

9    to the bar of the district court.

10       38.     Defendant Teresa Guerrero-Daley is the judge at department 43 of the Hall of

11   Justice, Superior Court of California for the county of Santa Clara.

12       39.     Defendant San Jose Police Department is the law enforcement agency of the city

13   of San Jose.

14                              **STATEMENT OF FACTS**

15       40.     On February 2, 2010, plaintiff filed a civil action against the Postal Service (Case

16   No. C10-00464RS, "Docket A").

17       41.     On June 10, 2011, judge Seeborg issued a summary judgment and dismissed the

18   case. Doc. Nos. A53, A54.

19       42.     On May 31, 2012, plaintiff filed a civil action against four postal employees (Case

20   No. C12-02789LHK, "Docket B"). The case resulted from the postal employees' presentation of

21   false declarations in defense of the Postal Service in case C10-00464RS. Deputy clerk Salinas-

22   Harwell received the complaint and assigned the case to judge Lloyd.

23       43.     On June 21, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf moved to

24   relate case C12-02789LHK to case C10-00464RS. Doc. No. B10.

1    44.    After plaintiff declined to prosecute case C12-02789LHK before judge Lloyd on

2  June 22, 2012, clerk Wieking assigned the case to judge Koh on June 25. Doc. Nos. B11, B14.

3    45.    On July 3, 2012, judge Seeborg denied the motion to relate case C12-02789LHK

4  to case C10-00464RS. Doc. No. B15.

5    46.    On July 11, 2012, plaintiff moved to disqualify judge Lloyd as referral judge from

6  case C12-02789LHK. Doc. No. B16.

7    47.    On July 17, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf opposed

8  plaintiff's July 16 motion to change time for initial case management conference in case C12-

9  02789LHK. Doc. Nos. B17, B18.

10    48.    On July 19, 2012, deputy clerk Brown put forth a notice setting the initial case

11  management conference in case C12-02789LHK for October 17. Doc. No. B19.

12    49.    On August 9, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf moved

13  to dismiss case C12-02789LHK. Doc. No. B20.

14    50.    Before plaintiff's opposition to U.S. attorney Haag and assistant U.S. attorney

15  Sharf's August 10, 2012 motion to change time in case C12-02789LHK was due, judge Koh

16  continued the October 17 case management conference to November 15 on August 14. Doc.

17  Nos. B21, B22.

18    51.    On August 28, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf

19  replied to plaintiff's opposition to the motion to dismiss case C12-02789LHK. Simultaneously,

20  U.S. attorney Haag and assistant U.S. attorney Scharf opposed plaintiff's first motions for

21  sanctions and summary judgment. Doc. Nos. B23-B25.

22    52.    Also on August 28, 2012, deputy clerk Brown put forth a notice continuing the

23  October 18 hearing on plaintiff's first motions for sanctions and summary judgment in case C12-

24  02789LHK to November 15. Doc. No. B26.

Complaint - 8 of 55

1      53.     On November 8, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf filed

2    defense case management statement in case C12-02789LHK. Doc. No. B27.

3      54.     On November 9, 2012, judge Koh dismissed case C12-02789LHK and denied

4    plaintiff's first motions for sanctions and summary judgment. Simultaneously, judge Koh denied

5    plaintiff's first motion to disqualify judge Llyod from case C12-02789LHK. Doc. No. B28.

6      55.     On November 21, 2012, defendant Brown entered judge Koh's order dismissing

7    case C12-02789LHK as judgment. Doc. No. B29.

8      56.     Based on her dismissal of case C12-02789LHK, plaintiff moved to disqualify

9    judge Koh from the case on November 28, 2012. At the same time, plaintiff moved again to

10   disqualify judge Lloyd from the same case. Doc. Nos. B30-B31.

11     57.     On November 30, 2012, judge Koh denied plaintiff's first motion to disqualify

12   herself from case C12-02789LHK as well as plaintiff's second motion to disqualify judge Lloyd.

13   Doc. No. B32.

14     58.     On December 5, 2012, plaintiff moved to vacate the November 21 judgment

15   dismissing case C12-02789LHK. Doc. No. B34. Also on December 5, 2012, plaintiff moved for

16   summary judgment and sanctions in case C12-02789LHK as well as to disqualify both judge

17   Koh and judge Lloyd again. Doc. Nos. B33, B35-B37.

18     59.     On December 6, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf

19   opposed plaintiff's December 5 motions to vacate judgment in case C12-02789LHK and to

20   disqualify both judge Koh and judge Lloyd as well as second motions for summary judgment

21   and sanctions. Doc. Nos. B38.

22     60.     On December 7, 2012, deputy clerk Brown put forth a notice continuing the

23   January 10, 2013 hearing on plaintiff's motion to vacate judgment in case C12-02789LHK as

24   well as second motions for summary judgment and sanctions to April 18, 2013. Doc. No. B40.

Complaint - 9 of 55

61.     On March 1, 2013, judge Koh continued the April 18 hearing on plaintiff's motion to vacate judgment in case C12-02789LHK as well as second motions for summary judgment and sanctions to May 2, 2013. Doc. No. B43.

62.     On April 26, 2013, judge Koh continued the May 2 hearing on plaintiff's motion to vacate judgment in case C12-02789LHK as well as second motions for summary judgment and sanctions to June 6. Doc. No. B45.

63.     On May 30, 2013, judge Koh vacated the June 6 hearing on plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for summary judgment and sanctions. Doc. No. B47.

64.     On June 10, 2013, judge Koh denied plaintiff's motion to vacate judgment in case C12-02789LHK, second motion to disqualify herself, third motion to disqualify judge Lloyd, and second motions for summary judgment and sanctions. Doc. No. B48.

65.     In response to judge Koh's denial of the motion to vacate the judgment in case C12-02789LHK, plaintiff filed a civil action on September 25, 2013 (Case No. C13-04442EMC, "Docket E"). Deputy clerk Macic received the complaint and assigned the case to magistrate judge Paul S. Grewal.

66.     After plaintiff declined to prosecute case C13-04442EMC before judge Grewal on October 3, 2013, clerk Wieking assigned the case to district judge Edward J. Davila on October 8. Doc. Nos. E6, E9.

67.     After judge Davila recused himself from case C13-04442EMC on October 17, 2013, clerk Wieking assigned the case to judge Chen on October 18. Doc. Nos. E12, E13.

68.     On October 31, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier moved to relate case C13-04442EMC to cases C10-00464RS, C12-02789LHK, and C13-03676SI. Case C13-03676SI is a descendant of case C10-00464RS as well. Doc. No. E20.

Complaint - 10 of 55

1    69.    On November 5, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier

2    moved to dismiss case C13-04442EMC. At the same time, U.S. attorney Haag and assistant U.S.

3    attorney Cormier moved to exempt defendants in the case from answering the complaint and to

4    vacate the case management conference set for January 16, 2014. Doc. Nos. E24, E25.

5    70.    On November 6, 2013, judge Chen exempted defendants in case C13-04442EMC

6    from answering the complaint and vacated the January 16, 2014 case management conference.

7    Doc. No. E26.

8    71.    On November 14, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier

9    moved to declare plaintiff a vexatious litigant. Doc. No. E28.

10    72.    On November 20, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier

11    replied to plaintiff's opposition to the motion to dismiss case C13-04442EMC. Doc. No. E31.

12    73.    On November 22, 2013, judge Chen denied plaintiff's first motion to disqualify

13    judge Chen himself from case C13-04442EMC. Doc. Nos. E30, E33.

14    74.    On December 3, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier

15    replied to plaintiff's opposition to the motion to declare plaintiff a vexatious litigant in case C13-

16    04442EMC. Doc. No. E36.

17    75.    On December 10, 2013, judge Chen denied plaintiff's second motion to disqualify

18    judge Chen himself from case C13-04442EMC. Doc. Nos. E35, E37.

19    76.    On December 20, 2013, judge Chen denied plaintiff's third motion to disqualify

20    judge Chen himself from case C13-04442EMC. In the same order, judge Chen also dismissed

21    case C13-04442EMC and declared plaintiff a vexatious litigant. In addition, judge Chen

22    subjected plaintiff's further complaints to pre-filing review. Doc. No. E40.

23    77.    In response to judge Chen's dismissal of case C13-04442EMC, plaintiff lodged a

24    complaint at the San Jose division on January 23, 2014 (Case No. C14-80017RMW, "Docket

1   MA"). Acting under judge Chen's dismissal order, deputy clerk Macic assigned the complaint to

2   judge Koh for pre-filing review.

3        78.    In response to judge Chen's dismissal of case C13-04442EMC, plaintiff lodged a

4   complaint at the San Francisco division on January 24, 2014 (Case No. C14-80018RS, "Docket

5   MB"). Acting under judge Chen's dismissal order, supervisor Voltz assigned the complaint to

6   judge Seeborg for pre-filing review.

7        79.    On January 27, 2014, plaintiff informed deputy clerk Macic of the illegality of

8   judge Chen's order dismissing case C13-04442EMC. Plaintiff next asked deputy clerk Macic to

9   file the complaint in case C14-80017RMW and issue a summons to plaintiff. Deputy clerk Macic

10  refused and sought cover from supervisor Puli. Supervisor Puli told plaintiff that judge Whyte

11  was reviewing the complaint. Plaintiff then asked supervisor Puli to call judge Whyte to confirm.

12  In response, supervisor Puli demanded that plaintiff leave the clerk's office.

13       80.    Also on January 27, 2014, plaintiff talked with defendant Yang about filing a

14  complaint through the district court's electronic case filing system ("ECF") on plaintiff's behalf.

15  Defendant Yang replied that he would do so only as plaintiff's counsel. Plaintiff agreed.

16       81.    On January 28, 2014, plaintiff informed supervisor Voltz of the illegality of judge

17  Chen's order dismissing case C13-04442EMC. Plaintiff next asked supervisor Voltz to file the

18  complaint in case C14-80018RS and issue a summons to plaintiff. Supervisor Voltz refused.

19       82.    On January 30, 2014, defendant Yang withdrew his commitment to represent

20  plaintiff in the district court.

21       83.    Also on January 30, 2014, deputy marshal Martin E. Boyden (Id. No. 30052) and

22  deputy marshal Urbino Martinez (Id. No. 4997) questioned plaintiff about the incidents that

23  occurred at the district court on January 27 and 28 as well as plaintiff's engagement in potential

24  terrorist acts against the district court. ¶¶ 79, 81.

1    84.    Again on January 30, 2014, judge Whyte dismissed case C14-80017RMW before

2    allowing plaintiff to file. Doc. No. MA4.

3    85.    In response to judge Chen's dismissal of case C13-04442EMC, plaintiff lodged a

4    complaint at the Oakland division on February 3, 2014 (Case No. C14-80028JSW, "Docket

5    MC"). Acting under judge Chen's dismissal order, deputy clerk Lenahan assigned the complaint

6    to judge Wilken for pre-filing review.

7    86.    Immediately afterwards, plaintiff presented deputy clerk Lenahan with another

8    complaint to file. Acting under judge Chen's dismissal order, deputy clerk Lenahan assigned the

9    complaint to judge Wilken for pre-filing review also (Case No. C14-80029JSW, "Docket MD").

10   After plaintiff pointed out that judge Chen's original order exempted the complaint from such

11   review, supervisor Hansen still directed deputy clerk Lenahan to persist.

12   87.    As a result of judge Whyte's dismissal of case C14-80017RMW, plaintiff brought

13   a complaint to the San Jose division on February 6, 2014. Deputy clerk Watson received the

14   complaint and issued a summons and a scheduling order to plaintiff (Case No. C14-00567HRL).

15   Deputy clerk Watson then canceled the filing and assigned the complaint to judge White for pre-

16   filing review (Case No. C14-80030JSW, "Docket ME"). Exhibits I-III.

17   88.    After judge Davila recused himself from case C14-80028JSW on February 5,

18   2014, clerk Wieking assigned the case to judge White on February 6. Doc. Nos. MC2, MC3.

19   Furthermore, clerk Wieking assigned case C14-80029JSW to judge White on February 6, after

20   judge Davila recused himself from the case on February 5. Doc. Nos. MD2, MD3.

21   89.    On February 7, 2014, defendant Yang still declined to represent plaintiff in the

22   district court after learning about the cancellation of case C14-00567HRL.

23   90.    Also on February 7, 2014, judge Seeborg dismissed case C14-80018RS before

24   allowing plaintiff to file. Doc. No. MB2.

1     91.    On February 11, 2014, plaintiff brought a criminal complaint against deputy clerk

2  Watson to the San Jose division. Plaintiff had intended to deliver the criminal complaint to judge

3  Davila's chamber. Instead, a security guard at the courthouse entrance directed plaintiff to

4  deliver the criminal complaint to the clerk's office. Plaintiff later withdrew the complaint from

5  deputy clerk Watson's possession due to the obvious conflict of interest.

6     92.    Later on February 11, 2014, plaintiff called deputy clerk Adams about delivering

7  the criminal complaint against deputy clerk Watson to judge Davila's chamber. Deputy clerk

8  Adams directed plaintiff to deliver the criminal complaint to the clerk's office instead.

9     93.    On February 13, 2014, plaintiff again brought the criminal complaint against

10  deputy clerk Watson to the San Jose division. Plaintiff had intended to deliver the complaint to

11  district judge D. Lowell Jensen's courtroom. Exhibit IV. At the courthouse entrance, deputy

12  marshal Harwell ordered plaintiff to deliver the criminal complaint to the clerk's office instead.

13  Therein, deputy clerk Watson received the complaint and issued a receipt to plaintiff.

14     94.    On February 18, 2014, plaintiff presented a criminal complaint against deputy

15  marshal Harwell to judge Guerrero-Daley through the courtroom deputy sheriff. Exhibit XI.

16  Judge Guerrero-Day refused to sign the complaint.

17     95.    On February 19, 2014, plaintiff brought a crime report against deputy marshal

18  Harwell to the San Jose Police Department (the "SJPD"). Exhibit XII. The SJPD refused to file

19  the crime report.

20     96.    On February 25, 2014, plaintiff mailed a crime report against deputy marshal

21  Harwell to both director Hylton and marshal O'Keefe. Exhibit V.

22     97.    Due to the lack of response from either director Hylton or marshal O'Keefe,

23  plaintiff submitted a petition for impeachment to six members of the House Judiciary Committee

24  on March 11, 2014 (USPS Tracking Nos. 9114901230801375051284, 307). Exhibit VI.

98.     On March 18, 2014, USPS tracking showed that plaintiff's March 11 petition for impeachment was available for pickup at 11:49 a.m. Eastern time. *See* Exhibit VI.

99.     On March 19, 2014, Financial Management Service ("FMS") of the Treasury Department notified plaintiff about collecting certain debts owed to the Postal Service (Case Nos. 2014083221A, 3486A, 3493A, 3749A, 3879A, 3967A, 4066A, 4303A). Exhibit VII. The Postal Service started sending plaintiff monthly notice about these debts on September 27, 2010, when case C10-00464RS was under litigation. The Postal Service mailed the last monthly notice on January 22, 2014, after judge Chen dismissed case C14-04442EMC. Exhibit VIII.

100.     On March 21, 2014, USPS tracking showed that plaintiff's March 11 petition for impeachment was delivered on March 18 at 7:38 a.m. Eastern time. Exhibit IX.

101.     On March 24, 2014, complainant sent the March 11 petition for impeachment to nine additional members of the House Judiciary Committee by Fedex ground. Exhibit X.

102.     Also on March 24, 2014, plaintiff informed FMS that the debts referred by the Postal Service were still under litigation. ¶ 99. FMS replied that the collection process would continue regardless.

103.     On March 26, 2014, judge White dismissed case C14-80028JSW as well as case C14-80030JSW before allowing plaintiff to file. Doc. Nos. MC4, ME2. ¶¶ 85, 87-88.

104.     On March 28, 2014, Fedex tracking showed that the petition for impeachment sent on March 24 was delivered at 1:15 p.m. Eastern time. ¶ 101. *See* Exhibit X.

105.     On April 3, 2014, FMS informed plaintiff that collection of the debts still under litigation had been suspended. ¶¶ 99, 102.

106.     On April 25, 2014, plaintiff submitted a revised petition for impeachment to those members of the House Judiciary Committee who had received the first petition for impeachment earlier (Fedex Tracking No. 448373710015678). Exhibit XIII.

Complaint - 15 of 55

1    107.    Defendants' engagement in tampering with court records, intimidation, and

2    conspiracy has caused plaintiff to suffer from enduring insomnia. Thus, plaintiff is entitled to

3    seek recovery for both compensatory and punitive damages from defendants.

4                                        **CLAIMS**

5    108.    Claim 1 Fabrication: On May 31, 2012, deputy clerk Salinas-Harwell assigned

6    case C12-02789LHK to judge Lloyd. ¶ 42. In so doing, deputy clerk Salinas-Harwell has

7    fabricated the assignment and violated 18 U.S.C. § 1512(c).

8    109.    Claim 2 Intimidation: Deputy clerk Salinas-Harwell assigned case C12-

9    02789LHK to judge Lloyd so as to intimidate plaintiff into abandoning the case. In so doing,

10   deputy clerk Salinas-Harwell has violated 18 U.S.C. § 1512(b).

11   110.    Claim 3 Conspiracy: Judge Lloyd conspired with deputy clerk Salinas-Harwell for

12   her to assign case C12-02789LHK to judge Lloyd himself. In so doing, judge Lloyd has violated

13   18 U.S.C. § 371.

14   111.    Claim 4 Interference: On June 21, 2012, U.S. attorney Haag and assistant U.S.

15   attorney Scharf moved to relate case C12-02789LHK to case C10-00464RS. ¶ 43. Because the

16   motion to relate case C12-02789LHK to case C10-00464RS interferes with Civil L.R. 3-12, U.S.

17   attorney Haag and assistant U.S. attorney Sharf have violated 18 U.S.C. § 1509.

18   112.    Claim 5 Fabrication: Because the motion to relate case C12-02789LHK to case

19   C10-00464RS interferes with Civil L.R. 3-12, U.S. attorney Haag and assistant U.S. attorney

20   Scharf have fabricated the motion and violated 18 U.S.C. § 1512(c).

21   113.    Claim 6 Intimidation: U.S. attorney Haag and assistant U.S. attorney Scharf

22   moved to relate case C12-02789LHK to case C10-00464RS so as to intimidate plaintiff into

23   abandoning the cases. In so doing, U.S. attorney Haag and assistant U.S. attorney Sharf have

24   violated 18 U.S.C. § 1512(b).

Complaint - 16 of 55

114.    Claim 7 Conspiracy: Judge Lloyd conspired with U.S. attorney Haag and assistant U.S. attorney Scharf for them to move to relate case C12-02789LHK to case C10-00464RS. In so doing, judge Lloyd has violated 18 U.S.C. § 371.

115.    Claim 8 Fabrication: Judge Lloyd knowingly referred the motion to relate case C12-02789LHK to case C10-00464RS to judge Seeborg. ¶ 45. In so doing, judge Lloyd has fabricated the referral and violated 18 U.S.C. § 1512(c).

116.    Claim 9 Intimidation: Judge Lloyd knowingly referred the motion to relate case C12-02789LHK to case C10-00464RS to judge Seeborg to intimidate plaintiff into abandoning the cases. In so doing, judge Lloyd has violated 18 U.S.C. § 1512(b).

117.    Claim 10 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf conspired with judge Lloyd for him to refer the motion to relate case C12-02789LHK to case C10-00464RS to judge Seeborg. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 371.

118.    Claim 11 Fabrication: On June 25, 2012, clerk Wieking assigned case C12-02789LHK to judge Koh. ¶ 44. In so doing, clerk Wieking has fabricated the assignment and violated 18 U.S.C. § 1512(c).

119.    Claim 12 Intimidation: Clerk Wieking assigned case C12-02789LHK to judge Koh so as to intimidate plaintiff into abandoning the case. In so doing, clerk Wieking has violated 18 U.S.C. § 1512(b).

120.    Claim 13 Conspiracy: Judge Koh, U.S. attorney Haag, and assistant U.S. attorney Scharf conspired with clerk Wieking for him to assign case C12-02789LHK to judge Koh herself. In so doing, judge Koh, U.S. attorney Haag, and assistant U.S. attorney Scharf have violated 18 U.S.C. § 371.

1    121.   <u>Claim 14 Fabrication</u>: On July 17, 2012, U.S. attorney Haag and assistant U.S.

2    attorney Scharf opposed plaintiff's July 16 motion to change time in case C12-02789LHK. ¶ 47.

3    In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have fabricated the opposition

4    and violated 18 U.S.C. § 1512(c).

5    122.   <u>Claim 15 Intimidation</u>: U.S. attorney Haag and assistant U.S. attorney Scharf

6    opposed plaintiff's July 16, 2012 motion to change time in case C12-02789LHK to intimidate

7    plaintiff into abandoning the case. In so doing, U.S. attorney Haag and assistant U.S. attorney

8    Scharf have violated 18 U.S.C. § 1512(b).

9    123.   <u>Claims 16 Conspiracy</u>: deputy clerk Brown conspired with U.S. attorney Haag

10   and assistant U.S. attorney Scharf for them to oppose plaintiff's July 16, 2012 motion to change

11   time in case C12-02789LHK. In so doing, deputy clerk Brown has violated 18 U.S.C. § 371.

12   124.   <u>Claim 17 Fabrication</u>: On July 19, 2012, deputy clerk Brown put forth a notice

13   setting the initial case management conference in case C12-02789LHK for October 17. ¶ 48. In

14   so doing, deputy clerk Brown has fabricated the notice and violated 18 U.S.C. § 1512(c).

15   125.   <u>Claim 18 Intimidation</u>: Deputy clerk Brown put forth the July 19, 2012 notice to

16   change time in case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In so

17   doing, deputy clerk Brown has violated 18 U.S.C. § 1512(b).

18   126.   <u>Claim 19 Conspiracy</u>: U.S. attorney Haag and assistant U.S. attorney Scharf

19   conspired with deputy clerk Brown for her to put forth the July 19, 2012 notice to change time in

20   case C12-02789LHK. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have

21   violated 18 U.S.C. § 371.

22   127.   <u>Claim 20 Interference</u>: On August 9, 2012, U.S. attorney Haag and assistant U.S.

23   attorney Scharf's moved to dismiss case C12-02789LHK. ¶ 49. Because the motion to dismiss

1   case C12-02789LHK interferes with *Scheuer v. Rhodes*, 416 U.S. 232 (1974), U.S. attorney

2   Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 1509.

3       128.    Claim 21 Fabrication: Because the motion to dismiss case C12-02789LHK

4   interferes with *Scheuer*, U.S. attorney Haag and assistant U.S. attorney Scharf have fabricated

5   the motion and violated 18 U.S.C. § 1512(c).

6       129.    Claim 22 Intimidation: U.S. attorney Haag and assistant U.S. attorney Scharf

7   moved to dismiss case C12-02789LHK to intimidate plaintiff into abandoning the case. In so

8   doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 1512(b).

9       130.    Claim 23 Conspiracy: Judge Koh conspired with U.S. attorney Haag and assistant

10  U.S. attorney Scharf for them to move to dismiss case C12-02789LHK. In so doing, judge Koh

11  has violated 18 U.S.C. § 371.

12      131.    Claim 24 Fabrication: On August 10, 2012, U.S. attorney Haag and assistant U.S.

13  attorney Scharf moved to continue the October 17 case management conference in case C12-

14  02789LHK to November 15. ¶ 50. In so doing, U.S. attorney Haag and assistant U.S. attorney

15  Scharf have fabricated the motion and violated 18 U.S.C. § 1512(c).

16      132.    Claim 25 Intimidation: On August 10, 2012, U.S. attorney Haag and assistant

17  U.S. attorney Scharf moved to change time in case C12-02789LHK so as to intimidate plaintiff

18  into abandoning the case. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have

19  violated 18 U.S.C. § 1512(b).

20      133.    Claim 26 Conspiracy: Judge Koh conspired with U.S. attorney Haag and assistant

21  U.S. attorney Scharf for them to move to continue the case management conference in case C12-

22  02789LHK to November 15, 2012. In so doing, judge Koh has violated 18 U.S.C. § 371.

23      134.    Claim 27 Fabrication: On August 14, 2012, judge Koh continued the October 17

24  case management conference in case C12-02789LHK to November 15, before plaintiff's

1    opposition was due. ¶ 50. In so doing, judge Koh has fabricated the order and violated 18 U.S.C.

2    § 1512(c).

3         135.    Claim 28 Intimidation: Judge Koh continued the October 17, 2012 case

4    management conference in case C12-02789LHK to November 15 to intimidate plaintiff into

5    abandoning the case. In so doing, judge Koh has violated 18 U.S.C. § 1512(b).

6         136.    Claim 29 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

7    conspired with judge Koh for her to continue the October 17, 2012 case management conference

8    in case C12-02789LHK to November 15. In so doing, U.S. attorney Haag and assistant U.S.

9    attorney Scharf have violated 18 U.S.C. § 371.

10        137.    Claim 30 Fabrication: On August 28, 2012, U.S. attorney Haag and assistant U.S.

11    attorney Scharf opposed plaintiff's first motions for sanctions and summary judgment in case

12    C12-02789LHK. ¶ 51. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have

13    fabricated the opposition and violated 18 U.S.C. § 1512(c).

14        138.    Claim 31 Intimidation: U.S. attorney Haag and assistant U.S. attorney Scharf

15    opposed plaintiff's first motions for sanctions and summary judgment in case C12-02789LHK so

16    as to intimidate plaintiff into abandoning the case. In so doing, U.S. attorney Haag and assistant

17    U.S. attorney Scharf have violated 18 U.S.C. § 1512(b).

18        139.    Claim 32 Conspiracy: Judge Koh conspired with U.S. attorney Haag and assistant

19    U.S. attorney Scharf for them to oppose plaintiff's first motions for sanctions and summary

20    judgment in case C12-02789LHK. In so doing, judge Koh has violated 18 U.S.C. § 371.

21        140.    Claim 33 Interference: On August 28, 2012, U.S. attorney Haag and assistant U.S.

22    attorney Scharf replied to plaintiff's opposition to the motion to dismiss case C12-02789LHK.

23    ¶ 51. Because the reply to plaintiff's opposition to the motion to dismiss interferes with *Scheuer*,

24    U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 1509.

1     141.   Claim 34 Fabrication: Because the reply to plaintiff's opposition to the motion to

2   dismiss case C12-02789LHK interferes with *Scheuer*, U.S. attorney Haag and assistant U.S.

3   attorney Scharf have fabricated the reply and violated 18 U.S.C. § 1512(c).

4     142.   Claim 35 Intimidation: U.S. attorney Haag and assistant U.S. attorney Scharf

5   replied to plaintiff's opposition to the motion to dismiss case C12-02789LHK so as to intimidate

6   plaintiff into abandoning the case. In so doing, U.S. attorney Haag and assistant U.S. attorney

7   Scharf have violated 18 U.S.C. § 1512(b).

8     143.   Claim 36 Conspiracy: Judge Koh conspired with U.S. attorney Haag and assistant

9   U.S. attorney Scharf for them to reply to plaintiff's opposition to the motion to dismiss case C12-

10   02789LHK. In so doing, judge Koh has violated 18 U.S.C. § 371.

11     144.   Claim 37 Fabrication: On August 28, 2012, deputy clerk Brown put forth a notice

12   continuing the hearing on plaintiff's first motions for sanctions and summary judgment in case

13   C12-02789LHK to November 15. ¶ 52. In so doing, deputy clerk Brown has fabricated the notice

14   and violated 18 U.S.C. § 1512(c).

15     145.   Claim 38 Intimidation:  Deputy clerk Brown continued the hearing on plaintiff's

16   first motions for sanctions and summary judgment in case C12-02789LHK to November 15,

17   2012 so as to intimidate plaintiff into abandoning the case. In so doing, deputy clerk Brown has

18   violated 18 U.S.C. § 1512(b).

19     146.   Claim 39 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

20   conspired with deputy clerk Brown for her to continue the hearing on plaintiff's first motions for

21   sanctions and summary judgment in case C12-02789LHK to November 15, 2012. In so doing,

22   U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 371.

23     147.   Claim 40 Fabrication: On November 8, 2012, U.S. attorney Haag and assistant

24   U.S. attorney Scharf filed the defense case management statement in case C12-02789LHK. ¶ 53.

1    In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have fabricated the statement

2    and violated 18 U.S.C. § 1512(c).

3        148.    Claim 41 Intimidation: U.S. attorney Haag and assistant U.S. attorney Scharf filed

4    the defense case management statement in case C12-02789LHK so as to intimidate plaintiff into

5    abandoning the case. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have

6    violated 18 U.S.C. § 1512(b).

7        149.    Claim 42 Interference: On November 9, 2012, judge Koh dismissed case C12-

8    02789LHK. ¶ 54. Because the dismissal order interferes with *Scheuer*, judge Koh has violated 18

9    U.S.C. § 1509.

10       150.    Claim 43 Fabrication: Because the order dismissing case C12-02789LHK

11   interferes with *Scheuer*, judge Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

12       151.    Claim 44 Intimidation: Judge Koh dismissed case C12-02789LHK to intimidate

13   plaintiff into abandoning the case. In so doing, judge Koh has violated 18 U.S.C. § 1512(b).

14       152.    Claim 45 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

15   conspired with judge Koh for her to dismiss case C12-02789LHK. In so doing, U.S. attorney

16   Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 371.

17       153.    Claim 46 Fabrication: On November 9, 2012, judge Koh denied plaintiff's first

18   motions for sanctions and summary judgment in case C12-02789LHK. ¶ 54. In so doing, judge

19   Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

20       154.    Claim 47 Intimidation: Judge Koh denied plaintiff's first motions for sanctions

21   and summary judgment in case C12-02789LHK so as to intimidate plaintiff into abandoning the

22   case. In so doing, judge Koh has violated 18 U.S.C. § 1512(b).

23       155.    Claim 48 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

24   conspired with judge Koh for her to deny plaintiff's first motions for sanctions and summary

Complaint - 22 of 55

1   judgment in case C12-02789LHK. In so doing, U.S. attorney Haag and assistant U.S. attorney

2   Scharf have violated 18 U.S.C. § 371.

3         156.   <u>Claim 49 Fabrication</u>: On November 9, 2012, judge Koh denied plaintiff's first

4   motion to disqualify judge Lloyd from case C12-02789LHK. ¶ 54. In so doing, judge Koh has

5   fabricated the order and violated 18 U.S.C. § 1512(c).

6         157.   <u>Claim 50 Intimidation</u>: Judge Koh denied plaintiff's first motion to disqualify

7   judge Lloyd from case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In

8   so doing, judge Koh has violated 18 U.S.C. § 1512(b).

9         158.   <u>Claim 51 Conspiracy</u>: Judge Lloyd conspired with judge Koh for her to deny

10  plaintiff's first motion to disqualify judge Lloyd himself from case C12-02789LHK. In so doing,

11  judge Lloyd has violated 18 U.S.C. § 371.

12        159.   <u>Claim 52 Fabrication</u>: On November 21, 2012, deputy clerk Brown entered the

13  order dismissing case C12-02789LHK as judgment. ¶ 55. In so doing, deputy clerk Brown has

14  fabricated the judgment and violated 18 U.S.C. § 1512(c).

15        160.   <u>Claim 53 Intimidation</u>: Deputy clerk Brown entered the order dismissing case

16  C12-02789LHK as judgment so as to intimidate plaintiff into abandoning the case. In so doing,

17  deputy clerk Brown has violated 18 U.S.C. § 1512(b).

18        161.   <u>Claim 54 Conspiracy</u>: U.S. attorney Haag and assistant U.S. attorney Scharf

19  conspired with deputy clerk Brown for her to enter the order dismissing case C12-02789LHK as

20  judgment. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18

21  U.S.C. § 371.

22        162.   <u>Claim 55 Interference</u>: On November 30, 2012, judge Koh denied plaintiff's first

23  motion to disqualify herself from case C12-02798LHK. Because the order interferes with 28

24  U.S.C. § 144, judge Koh has violated 18 U.S.C. § 1509.

1   163.   <u>Claim 56 Fabrication</u>: Because judge Koh's order denying plaintiff's first motion

2   to disqualify herself from case C12-02789LHK interferes with 28 U.S.C. § 144, judge Koh has

3   fabricated the order and violated 18 U.S.C. § 1512(c).

4   164.   <u>Claim 57 Intimidation</u>: Judge Koh denied plaintiff's first motion to disqualify

5   herself from case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In so

6   doing, judge Koh has violated 18 U.S.C. § 1512(b).

7   165.   <u>Claim 58 Conspiracy</u>: U.S. attorney Haag and assistant U.S. attorney Scharf

8   conspired with judge Koh for her to deny plaintiff's first motion to disqualify judge Koh herself

9   from case C12-02789LHK. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf

10   have violated 18 U.S.C. § 371.

11   166.   <u>Claim 59 Interference</u>: On November 30, 2012, judge Koh denied plaintiff's

12   second motion to disqualify judge Lloyd from case C12-02789LHK. ¶ 57. Because the order

13   interferes with 28 U.S.C. 144, judge Koh has violated 18 U.S.C. § 1509.

14   167.   <u>Claim 60 Fabrication</u>: Because judge Koh's order denying plaintiff's second

15   motion to disqualify judge Lloyd from case C12-02789LHK interferes with 28 U.S.C. § 144,

16   judge Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

17   168.   <u>Claim 61 Intimidation</u>: Judge Koh denied plaintiff's second motion to disqualify

18   judge Lloyd from case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In

19   so doing, judge Koh has violated 18 U.S.C. § 1512(b).

20   169.   <u>Claim 62 Conspiracy</u>: Judge Lloyd conspired with judge Koh for her to deny

21   plaintiff's second motion to disqualify judge Lloyd himself from case C12-02789LHK. In so

22   doing, judge Lloyd has violated 18 U.S.C. § 371.

23   170.   <u>Claim 63 Interference</u>: On December 6, 2012, U.S. attorney Haag and assistant

24   U.S. attorney Scharf opposed plaintiff's motion to vacate judgment in case C12-02789LHK,

1   second motions for summary judgment and sanctions, and second and third motions to disqualify

2   judge Koh and judge Lloyd from the case. ¶ 59. Because the opposition interferes with *Scheuer*,

3   U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C § 1509.

4       171.    Claim 64 Fabrication: Because the opposition to plaintiff's motion to vacate

5   judgment in case C12-02789LHK, second motions for summary judgment and sanctions, and

6   second and third motions to disqualify judge Koh and judge Lloyd from the case interferes with

7   *Scheuer*, U.S. attorney Haag and assistant U.S. attorney Scharf have fabricated the opposition

8   and violated 18 U.S.C. § 1512(c).

9       172.    Claim 65 Intimidation: U.S. attorney Haag and assistant U.S. attorney Scharf

10   opposed plaintiff's motion to vacate judgment in case C12-02789LHK, second motions for

11   summary judgment and sanctions, and second and third motions to disqualify judge Koh and

12   judge Lloyd from the case so as to intimidate plaintiff into abandoning the case. In so doing, U.S.

13   attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 1512(b).

14       173.    Claim 66 Conspiracy: Judge Koh and judge Lloyd conspired with U.S. attorney

15   Haag and assistant U.S. attorney Scharf for them to oppose plaintiff's motion to vacate judgment

16   in case C12-02789LHK, second motions for summary judgment and sanctions, and second and

17   third motions to disqualify judge Koh and judge Lloyd themselves from the case. In so doing,

18   judge Koh and judge Lloyd have violated 18 U.S.C. § 371.

19       174.    Claim 67 Fabrication: On December 7, 2012, deputy clerk Brown put forth a

20   notice continuing the January 10, 2013 hearing on plaintiff's motion to vacate judgment in case

21   C12-02789LHK and second motions for summary judgment and sanctions to April 18, 2013. ¶

22   60. In so doing, deputy clerk Brown has fabricated the notice and violated 18 U.S.C. § 1512(c).

23       175.    Claim 68 Intimidation: Deputy clerk Brown put forth the notice continuing the

24   January 10, 2013 hearing on plaintiff's motion to vacate judgment in case C12-02789LHK and

Complaint - 25 of 55

1    second motions for summary judgment and sanctions to April 18, 2013 in order to intimidate

2    plaintiff into abandoning the case. In so doing, deputy clerk Brown has violated 18 U.S.C. §

3    1512(b).

4         176.    Claim 69 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

5    conspired with deputy clerk Brown for her to continue the January 10, 2013 hearing on

6    plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for summary

7    judgment and sanctions to April 18, 2013. In so doing, U.S. attorney Haag and assistant U.S.

8    attorney Scharf have violated 18 U.S.C. § 371.

9         177.    Claim 70 Fabrication: On March 1, 2013, judge Koh continued the April 18

10   hearing on plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for

11   summary judgment and sanctions to May 2. ¶ 61. In so doing, judge Koh has fabricated the order

12   and violated 18 U.S.C. § 1512(c).

13        178.    Claim 71 Intimidation: Judge Koh continued the April 18, 2013 hearing on

14   plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for summary

15   judgment and sanctions to May 2, 2013 so as to intimidate plaintiff into abandoning the case. In

16   so doing, judge Koh has violated 18 U.S.C. § 1512(b).

17        179.    Claim 72 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

18   conspired with judge Koh for her to continue the April 18, 2013 hearing on plaintiff's motion to

19   vacate judgment in case C12-02789LHK and second motions for summary judgment and

20   sanctions to May 2, 2013. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf

21   have violated 18 U.S.C. § 371.

22        180.    Claim 73 Fabrication: On April 26, 2013, judge Koh continued the May 2, 2013

23   hearing on plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for

1   summary judgment and sanctions to June 6, 2013. ¶ 62. In so doing, judge Koh has fabricated the

2   order and violated 18 U.S.C. § 1512(c).

3        181.   Claim 74 Intimidation: Judge Koh continued the May 2, 1013 hearing on

4   plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for summary

5   judgment and sanctions to June 6, 2013 so as to intimidate plaintiff into abandoning the case. In

6   so doing, judge Koh has violated 18 U.S.C. § 1512(b).

7        182.   Claim 75 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

8   conspired with judge Koh for her to continue the May 2, 1013 hearing on plaintiff's motion to

9   vacate judgment in case C12-02789LHK and second motions for summary judgment and

10  sanctions to June 6, 2013. In doing so, U.S. attorney Haag and assistant U.S. attorney Scharf

11  have violated 18 U.S.C. § 371.

12       183.   Claim 76 Fabrication: On May 30, 2013, judge Koh vacated the June 6, 2013

13  hearing on plaintiff's motion to vacate judgment in case C12-02789LHK and second motions for

14  summary judgment and sanctions. ¶ 63. In so doing, judge Koh has fabricated the order and

15  violated 18 U.S.C. § 1512(c).

16       184.   Claim 77 Intimidation: Judge Koh vacated the June 6, 2013 hearing on plaintiff's

17  motion to vacate judgment in case C12-02789LHK and second motions for summary judgment

18  and sanctions so as to intimidate plaintiff into abandoning the case. In so doing, judge Koh has

19  violated 18 U.S.C. § 1512(b).

20       185.   Claim 78 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

21  conspired with judge Koh for her to vacate the June 6, 2013 hearing on plaintiff's motion to

22  vacate judgment in case C12-02789LHK and second motions for summary judgment and

23  sanctions. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18

24  U.S.C. § 371.

Complaint - 27 of 55

1    186.    Claim 79 Interference: On June 10, 2013, judge Koh denied plaintiff's second

2    motion to disqualify herself from case C12-02789LHK. ¶ 64. Because the order interferes with

3    28 U.S.C. § 144, judge Koh has violated 18 U.S.C § 1509.

4    187.    Claim 80 Fabrication: Because judge Koh's order denying plaintiff's second

5    motion to disqualify herself from case C12-02789LHK interferes with 28 U.S.C § 144, judge

6    Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

7    188.    Claim 81 Intimidation: Judge Koh denied plaintiff's second motion to disqualify

8    herself from case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In so

9    doing, judge Koh has violated 18 U.S.C. § 1512(b).

10    189.    Claim 82 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

11    conspired with judge Koh for her to deny plaintiff's second motion to disqualify judge Koh

12    herself from case C12-02789LHK. In so doing, U.S. attorney Haag and assistant U.S. attorney

13    Scharf have violated 18 U.S.C. § 371.

14    190.    Claim 83 Interference: On June 10, 2013, judge Koh denied plaintiff's third

15    motion to disqualify judge Lloyd from case C12-02789LHK. ¶ 64. Because the order interferes

16    with 28 U.S.C. § 144, judge Koh has violated 18 U.S.C § 1509.

17    191.    Claim 84 Fabrication: Because judge Koh's order denying plaintiff's third motion

18    to disqualify judge Lloyd from case C12-02789LHK interferes with 28 U.S.C § 144, judge Koh

19    has fabricated the order and violated 18 U.S.C. § 1512(c).

20    192.    Claim 85 Intimidation: Judge Koh denied plaintiff's third motion to disqualify

21    judge Lloyd from case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In

22    so doing, judge Koh has violated 18 U.S.C. § 1512(b).

23    193.    Claim 86 Conspiracy: Judge Lloyd, U.S. attorney Haag, and assistant U.S.

24    attorney Scharf conspired with judge Koh for her to deny plaintiff's third motion to disqualify

Complaint - 28 of 55

1    judge Lloyd himself from case C12-02789LHK. In so doing, judge Lloyd, U.S. attorney Haag,

2    and assistant U.S. attorney Scharf have violated 18 U.S.C. § 371.

3              194.    Claim 87 Interference: On June 10, 2013, judge Koh denied plaintiff's motion to

4    vacate judgment in case C12-02789LHK. ¶ 64. Because the order interferes with 28 U.S.C § 144,

5    judge Koh has violated 18 U.S.C. § 1509.

6              195.    Claim 88 Fabrication: Because judge Koh's order denying plaintiff's motion to

7    vacate judgment in case C12-02789LHK interferes with 28 U.S.C. § 144, judge Koh has

8    fabricated the order and violated 18 U.S.C. § 1512(c).

9              196.    Claim 89 Intimidation: Judge Koh denied plaintiff's motion to vacate judgment in

10   case C12-02789LHK so as to intimidate plaintiff into abandoning the case. In so doing, judge

11   Koh has violated 18 U.S.C. § 1512(b).

12             197.    Claim 90 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

13   conspired with judge Koh for her to deny plaintiff's motion to vacate judgment in case C12-

14   02789LHK. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18

15   U.S.C. § 371.

16             198.    Claim 91 Interference: On June 10, 2013, judge Koh denied plaintiff's second

17   motions for summary judgment and sanctions in case C12-02789LHK. ¶ 64. Because the order

18   interferes with 28 U.S.C. § 144, judge Koh has violated 18 U.S.C. § 1509.

19             199.    Claim 92 Fabrication: Because judge Koh's order denying plaintiff's second

20   motions for summary judgment and sanctions in case C12-02789LHK interferes with 28 U.S.C.

21   § 144, judge Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

22             200.    Claim 93 Intimidation: Judge Koh denied plaintiff's second motions for summary

23   judgment and sanctions in case C12-02789LHK so as to intimidate plaintiff into abandoning the

24   case. In so doing, judge Koh has violated 18 U.S.C. § 1512(b).

1    201.   Claim 94 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

2    conspired with judge Koh for her to deny plaintiff's second motions for summary judgment and

3    sanctions in case C12-02789LHK. In so doing, U.S. attorney Haag and assistant U.S. attorney

4    Scharf have violated 18 U.S.C. § 371.

5    202.   Claim 95 Fabrication: On October 13, 2013, clerk Wieking assigned case C13-

6    04442EMC to judge Chen. ¶ 67. In so doing, clerk Wieking has fabricated the assignment and

7    violated 18 U.S.C. § 1512(c).

8    203.   Claim 96 Intimidation: Clerk Wieking assigned case C13-04442EMC to judge

9    Chen so as to intimidate plaintiff into abandoning the case. In so doing, clerk Wieking has

10   violated 18 U.S.C. § 1512(b).

11   204.   Claim 97 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Cormier

12   conspired with clerk Wieking for him to assign case C13-04442EMC to judge Chen. In so doing,

13   U.S. attorney Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 371.

14   205.   Claim 98 Interference: On October 31, 2013, U.S. attorney Haag and assistant

15   U.S. attorney Cormier moved to relate case C13-04442EMC to cases C10-00464RS, C12-

16   02789LHK, and C13-03676SI. ¶ 68. Because the motion to relate case interferes with Civil L.R.

17   3-12, U.S. attorney Haag and assistant U.S. attorney Cormier have violate 18 U.S.C. § 1509.

18   206.   Claim 99 Fabrication: Because the motion to relate case C13-04442EMC to cases

19   C10-00464RS, C12-01789LHK, and C13-03676SI interferes with Civil L.R. 3-12, U.S. attorney

20   Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1512(c).

21   207.   Claim 100 Intimidation: U.S. attorney Haag and assistant U.S. attorney Cormier

22   moved to relate case C13-04442EMC to cases C10-00464RS, C12-01789LHK, and C13-

23   03676SI so as to intimidate plaintiff into abandoning the case. In so doing, U.S. attorney Haag

24   and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1512(b).

1    208.    Claim 101 Conspiracy: Judge Chen conspired with U.S. attorney Haag and

2    assistant U.S. attorney Cormier for them to move to relate case C13-04442EMC to cases C10-

3    00464RS, C12-01789LHK, and C13-03676SI. Thus, judge Chen has violated 18 U.S.C. § 371.

4    209.    Claim 102 Fabrication: Judge Chen knowingly referred the motion to relate case

5    C13-04442EMC to cases C10-00464RS, C12-02789LHK, and C13-03676SI to judge Seeborg.

6    Doc. No. E21. Thus, judge Chen has fabricated the referral and violated 18 U.S.C. § 1512(c).

7    210.    Claim 103 Intimidation: Judge Chen knowingly referred the motion to relate case

8    C13-04442EMC to cases C10-00464RS, C12-02789LHK, and C13-03676SI to judge Seeborg so

9    as to intimidate plaintiff into abandoning the case. In so doing, judge Chen has violated 18

10   U.S.C. § 1512(b).

11   211.    Claim 104 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Cormier

12   conspired with judge Chen for him to refer the motion to relate case C13-04442EMC to cases

13   C10-00464RS, C12-01789LHK, and C13-03676SI to judge Seeborg. In so doing, U.S. attorney

14   Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 371.

15   212.    Claim 105 Interference: On November 5, 2013, U.S. attorney Haag and assistant

16   U.S. attorney Cormier moved to dismiss case C13-04442EMC. ¶ 69. Because the motion to

17   dismiss interferes with both *Mireles v. Waco*, 502 U.S. 9 (1991) and *Scheuer*, U.S. attorney Haag

18   and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1509.

19   213.    Claim 106 Fabrication: Because the motion to dismiss case C13-04442EMC

20   interferes with both *Mireles* and *Scheuer*, U.S. attorney Haag and assistant U.S. attorney Cormier

21   have fabricated the motion and violated 18 U.S.C. § 1512(c).

22   214.    Claim 107 Intimidation: U.S. attorney Haag and assistant U.S. attorney Cormier

23   moved to dismiss case C13-04442EMC so as to intimidate plaintiff into abandoning the case.

24   Thus, U.S. attorney Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1512(b).

1    215.   Claim 108 Conspiracy: Judge Chen conspired with U.S. attorney Haag and

2    assistant U.S. attorney Cormier for them to move to dismiss case C13-04442EMC. In doing so,

3    judge Chen has violated 18 U.S.C. § 371.

4    216.   Claim 109 Fabrication: As a defendant in the case, judge Wilken authorized the

5    motion to dismiss case C13-04442EMC so as to avoid the liability incurred by deputy clerk

6    Brown and deputy clerk Salinas-Harwell's misconduct in case C12-02789LHK. ¶ 69. In doing

7    so, judge Wilken has violated 18 U.S.C. § 1512(c).

8    217.   Claim 110 Intimidation: Judge Wilken authorized the motion to dismiss case C13-

9    04442EMC so as to intimidate plaintiff into abandoning the case. In doing so, judge Wilken has

10   violated 18 U.S.C. § 1512(b).

11   218.   Claim 111 Conspiracy: Deputy clerk Brown and deputy clerk Salinas-Harwell

12   conspired with judge Wilken for her to authorize the motion to dismiss case C13-04442EMC.

13   Thus, deputy clerk Brown and deputy clerk Salinas-Harwell have violated 18 U.S.C. § 371.

14   219.   Claim 112 Fabrication: As a defendant in the case, attorney general Holder

15   authorized the motion to dismiss case C13-04443EMC so as to avoid the liability incurred by

16   U.S. attorney Haag and assistant U.S attorney Scharf's misconduct in case C12-02789LHK. ¶

17   69. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(c).

18   220.   Claim 113 Intimidation: Attorney general Holder authorized the motion to dismiss

19   case C13-04442EMC so as to intimidate plaintiff into abandoning the case. In so doing, attorney

20   general Holder has violated 18 U.S.C. § 1512(b).

21   221.   Claim 114 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

22   conspired with attorney general Holder for him to authorize the motion to dismiss case C13-

23   04442EMC. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18

24   U.S.C. § 371.

1    222.   Claim 115 Interference: On November 5, 2013, U.S. attorney Haag and assistant

2    U.S. attorney Cormier moved to exempt defendants in case C13-04442EMC from answering the

3    complaint. ¶ 69. Because the motion interferes with *Scheuer*, U.S. attorney Haag and assistant

4    U.S. attorney Cormier have violated 18 U.S.C. § 1509.

5    223.   Claim 116 Fabrication: Because the motion to exempt defendants in case C13-

6    04442EMC from answering the complaint interferes with *Scheuer*, U.S. attorney Haag and

7    assistant U.S. attorney Cormier have fabricated the motion and violated 18 U.S.C. § 1512(c).

8    224.   Claim 117 Intimidation: U.S. attorney Haag and assistant U.S. attorney Cormier

9    moved to exempt defendants in case C13-04442EMC from answering the complaint so as to

10   intimidate plaintiff into abandoning the case and, as a result, have violated 18 U.S.C. § 1512(b).

11   225.   Claim 118 Conspiracy: Judge Chen conspired with U.S. attorney Haag and

12   assistant U.S. attorney Cormier for them to move to exempt defendants in case C13-04442EMC

13   from answering the complaint. In so doing, judge Chen has violated 18 U.S.C. § 371.

14   226.   Claim 119 Interference: On November 6, 2013, judge Chen exempted defendants

15   in case C13-04442EMC from answering the complaint. ¶ 70. Because the order interferes with

16   *Scheuer*, judge Chen has violated 18 U.S.C. § 1509.

17   227.   Claim 120 Fabrication: Because judge Chen's order exempting defendants in case

18   C13-04442EMC from answering the complaint interferes with *scheuer*, judge Chen has falsified

19   the order and violated 18 U.S.C. § 1512(c).

20   228.   Claim 121 Intimidation: Judge Chen exempted the defendants in case C13-

21   04442EMC from answering the complaint so as to intimidate plaintiff into abandoning the case.

22   In so doing, judge Chen has violated 18 U.S.C. § 1512(b).

23   229.   Claim 122 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Cormier

24   conspired with judge Chen for him to exempt the defendants in case C13-04442EMC from

1   answering the complaint. In so doing, U.S. attorney Haag and assistant U.S. attorney Cormier

2   have violated 18 U.S.C. § 371.

3       230.   Claim 123 Interference: On November 14, 2013, U.S. attorney Haag and assistant

4   U.S. attorney Cormier moved to declare plaintiff a vexatious litigant in case C13-04442EMC.

5   ¶ 71. Because the vexatious litigant motion interferes with *Scheuer*, U.S. attorney Haag and

6   assistant U.S. attorney Cormier have violated 18 U.S.C § 1509.

7       231.   Claim 124 Fabrication: Because the motion to declare plaintiff a vexatious litigant

8   in case C13-04442EMC interferes with *Scheuer*, U.S. attorney Haag and assistant U.S. attorney

9   Cormier have fabricated the motion and violated 18 U.S.C. § 1512(c).

10       232.   Claim 125 Intimidation: U.S. attorney Haag and assistant U.S. attorney Cormier

11   moved to declare plaintiff a vexatious litigant in case C13-04442EMC so as to intimidate

12   plaintiff into abandoning the case and, as a result, have violated 18 U.S.C § 1512(b).

13       233.   Claim 126 Conspiracy: Judge Chen conspired with U.S. attorney Haag and

14   assistant U.S. attorney Cormier for them to move to declare plaintiff a vexatious litigant in case

15   C13-04442EMC. In so doing, judge Chen has violated 18 U.S.C. § 371.

16       234.   Claim 127 Fabrication: As a defendant in the case, judge Wilken authorized the

17   motion to declare plaintiff a vexatious litigant in case C13-04442EMC so as to avoid the liability

18   incurred by deputy clerk Brown and deputy clerk Salinas-Harwell's misconduct in case C12-

19   02789LHK. ¶ 71. In so doing, judge Wilken has violated 18 U.S.C. § 1512(c).

20       235.   Claim 128 Intimidation: Judge Wilken authorized the motion to declare plaintiff a

21   vexatious litigant in case C13-04442EMC so as to intimidate plaintiff into abandoning the case.

22   In so doing, judge Wilken has violated 18 U.S.C. § 1512(b).

23       236.   Claim 129 Conspiracy: Deputy clerk Brown and deputy clerk Salinas-Harwell

24   conspired with judge Wilken for her to authorize the motion to declare plaintiff a vexatious

1    litigant in case C13-04442EMC. In so doing, deputy clerk Brown and deputy clerk Salinas-

2    Harwell have violated 18 U.S.C. § 371.

3           237.    Claim 130 Fabrication: As a defendant in the case, attorney general Holder

4    authorized the motion to declare plaintiff a vexatious litigant in case C13-04443EMC so as to

5    avoid the liability incurred by U.S. attorney Haag and assistant U.S attorney Scharf's misconduct

6    in case C12-02789LHK. ¶ 71. Thus, attorney general Holder has violated 18 U.S.C. § 1512(c).

7           238.    Claim 131 Intimidation: Attorney general Holder authorized the motion to declare

8    plaintiff a vexatious litigant in case C13-04442EMC so as to intimidate plaintiff into abandoning

9    the case. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(b).

10          239.    Claim 132 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Scharf

11   conspired with attorney general Holder for him to authorize the motion to declare plaintiff a

12   vexatious litigant in case C13-04442EMC. In so doing, U.S. attorney Haag and assistant U.S.

13   attorney Scharf have violated 18 U.S.C. § 371.

14          240.    Claim 133 interference: On November 20, 2013, U.S. attorney Haag and assistant

15   U.S. attorney Cormier replied to plaintiff's opposition to the motion to dismiss case C13-

16   04442EMC. ¶ 72. Because the reply interferes with *Scheuer*, U.S. attorney Haag and assistant

17   U.S. attorney Cormier have violated 18 U.S.C. § 1509.

18          241.    Claim 134 Fabrication: Because the reply to plaintiff's opposition to the motion to

19   dismiss case C13-04442EMC interferes with *Scherer*, U.S. attorney Haag and assistant U.S.

20   attorney Cormier have fabricated the reply and violated 18 U.S.C. § 1512(c).

21          242.    Claim 135 Intimidation: U.S. attorney Haag and assistant U.S. attorney Cormier

22   replied to plaintiff's opposition to the motion to dismiss case C13-04442EMC so as to intimidate

23   plaintiff into abandoning the case. In so doing, U.S. attorney Haag and assistant U.S. attorney

24   Cormier have violated 18 U.S.C. § 1512(b).

Complaint - 35 of 55

1    243.   Claim 136 Conspiracy: Judge Chen conspired with U.S. attorney Haag and

2    assistant U.S. attorney Cormier for them to reply to plaintiff's opposition to the motion to

3    dismiss case C13-04442EMC. In so doing, judge Chen has violated 18 U.S.C. § 371.

4    244.   Claim 137 Interference: On November 22, 2013, judge Chen denied plaintiff's

5    first motion to disqualify judge Chen himself from case C13-04442EMC. ¶ 73. Because the

6    order interferes with 28 U.S.C. § 144, judge Chen has violated 18 U.S.C. § 1509.

7    245.   Claim 138 Fabrication: Because judge Chen's order denying plaintiff's first

8    motion to disqualify judge Chen himself from case C13-04442EMC interferes with 28 U.S.C. §

9    144, judge Chen has fabricated the order and violated 18 U.S.C. § 1512(c).

10    246.   Claim 139 Intimidation: Judge Chen denied plaintiff's first motion to disqualify

11    judge Chen himself from case C13-04442EMC so as to intimidate plaintiff into abandoning the

12    case. In so doing, judge Chen has violated 18 U.S.C. § 1512(b).

13    247.   Claim 140 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Cormier

14    conspired with judge Chen for him to deny plaintiff's first motion to disqualify judge Chen

15    himself from case C13-04442EMC. In so doing, U.S. attorney Haag and assistant U.S. attorney

16    Cormier have violated 18 U.S.C. § 371.

17    248.   Claim 141 Interference: On December 3, 2013, U.S. attorney Haag and assistant

18    U.S. attorney Cormier replied to plaintiff's opposition to the vexatious litigant motion in case

19    C13-04442EMC. ¶ 74. Because the reply interferes with *Scheuer*, U.S. attorney Haag and

20    assistant U.S. attorney Cormier have violated 18 U.S.C. § 1509.

21    249.   Claim 142 Fabrication: Because the reply to plaintiff's opposition to the vexatious

22    litigant motion in case C13-04442EMC interferes with *Scheuer*, U.S. attorney Haag and assistant

23    U.S. attorney Cormier have fabricated the reply and violated 18 U.S.C. § 1512(c).

1    250.    Claim 143 Intimidation: U.S. attorney Haag and assistant U.S. attorney Cormier

2    replied to plaintiff's opposition to the vexatious litigant motion in case C13-0442EMC so as to

3    intimidate plaintiff into abandoning the case. In so doing, U.S. attorney Haag and assistant U.S.

4    attorney Cormier have violated 18 U.S.C. § 1512(b).

5    251.    Claim 144 Conspiracy: Judge Chen conspired with U.S. attorney Haag and

6    assistant U.S. attorney Cormier for them to reply to plaintiff's opposition to the vexatious litigant

7    motion in case C13-04442EMC. In so doing, judge Chen has violated 18 U.S.C. § 371.

8    252.    Claim 145 Interference: On December 10, 2013, judge Chen denied plaintiff's

9    second motion to disqualify judge Chen himself from case C13-04442EMC. ¶ 75. Because the

10   order interferes with 28 U.S.C. § 144, judge Chen has violated 18 U.S.C. § 1509.

11   253.    Claim 146 Fabrication: Because judge Chen's order denying plaintiff's second

12   motion to disqualify judge Chen himself from case C13-04442EMC interferes with 28 U.S.C. §

13   144, judge Chen has fabricated the order and violated 18 U.S.C. § 1512(c).

14   254.    Claim 147 Intimidation: Judge Chen denied plaintiff's second motion to

15   disqualify judge Chen himself from case C13-04442EMC so as to intimidate plaintiff into

16   abandoning the case. In so doing, judge Chen has violated 18 U.S.C. § 1512(b).

17   255.    Claim 148 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Cormier

18   conspired with judge Chen for him to deny plaintiff's second motion to disqualify judge Chen

19   himself from case C13-04442EMC. In so doing, U.S. attorney Haag and assistant U.S. attorney

20   Cormier have violated 18 U.S.C. § 371.

21   256.    Claim 149 Interference: On December 20, 2013, judge Chen dismissed case C13-

22   04442EMC. ¶ 76. Because the dismissal order interferes with 28 U.S.C. § 144 and *Scheuer*,

23   judge Chen has violated 18 U.S.C. § 1509.

1    257.  <u>Claim 150 Fabrication</u>: Because judge Chen's order dismissing case C13-

2    04442EMC interferes with 28 U.S.C. § 144 and *Scheuer*, judge Chen has fabricated the order

3    and violated 18 U.S.C § 1512(c).

4    258.  <u>Claim 151 Intimidation</u>: Judge Chen dismissed case C13-04442EMC so as to

5    intimidate plaintiff into abandoning the case and, as a result, have violated 18 U.S.C. § 1512(b).

6    259.  <u>Claim 152 Conspiracy</u>: U.S. attorney Haag and assistant U.S. attorney Cormier

7    conspired with judge Chen for him to dismiss case C13-04442EMC. In so doing, U.S. attorney

8    Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 371.

9    260.  <u>Claim 153 Interference</u>: On December 20, 2013, judge Chen declared plaintiff a

10    vexatious litigant in case C13-04442EMC and subjected plaintiff's further complaints to pre-

11    filing review. ¶ 76. Because the order interferes with 28 U.S.C. § 144 and *Scheuer*, judge Chen

12    has violated 18 U.S.C. § 1509.

13    261.  <u>Claim 154 Fabrication</u>: Because judge Chen's order declaring plaintiff a vexatious

14    litigant in case C13-04442EMC interferes with 28 U.S.C. § 144 and *Scheuer*, judge Chen has

15    fabricated the order and violated 18 U.S.C. § 1512(c).

16    262.  <u>Claim 155 Intimidation</u>: Judge Chen declared plaintiff a vexatious litigant in case

17    C13-04442EMC and subjected plaintiff's further complaints to pre-filing review to intimidate

18    plaintiff into abandoning the case. In so doing, judge Chen has violated 18 U.S.C. § 1512(b).

19    263.  <u>Claim 156 Conspiracy</u>: U.S. attorney Haag and assistant U.S. attorney Cormier

20    conspired with judge Chen for him to declare plaintiff a vexatious litigant in case C13-

21    04442EMC and, as a result, have violated 18 U.S.C. § 371.

22    264.  <u>Claim 157 Interference</u>: On December 20, 2013, judge Chen denied plaintiff's

23    third motion to disqualify judge Chen himself from case C13-04442EMC. ¶ 76. Because the

24    order interferes with 28 U.S.C. § 144, judge Chen has violated 18 U.S.C. § 1509.

Complaint - 38 of 55

1    265.   Claim 158 Fabrication: Because judge Chen's order denying plaintiff's third

2    motion to disqualify judge Chen himself from case C13-04442EMC interferes with 28 U.S.C. §

3    144, judge Chen has fabricated the order and violated 18 U.S.C. § 1512(c).

4    266.   Claim 159 Intimidation: Judge Chen denied plaintiff's third motion to disqualify

5    judge Chen himself from case C13-04442EMC so as to intimidate plaintiff into abandoning the

6    case. In so doing, judge Chen has violated 18 U.S.C. § 1512(b).

7    267.   Claim 160 Conspiracy: U.S. attorney Haag and assistant U.S. attorney Cormier

8    conspired with judge Chen for him to deny plaintiff's third motion to disqualify judge Chen

9    himself from case C13-04442EMC. In so doing, U.S. attorney Haag and assistant U.S. attorney

10    Cormier have violated 18 U.S.C. § 371.

11    268.   Claim 161 Fabrication: Acting under color of judge Chen's order dismissing case

12    C13-04442EMC, deputy clerk Macic assigned case C14-80017RMW to judge Koh for pre-filing

13    review on January 23, 2014. ¶ 77. In so doing, deputy clerk Macic has fabricated the assignment

14    and violated 18 U.S.C. § 1512(c).

15    269.   Claim 162 Intimidation: Deputy clerk Macic assigned case C14-80017RMW to

16    judge Koh for pre-filing review so as to intimidate plaintiff into abandoning the case. In so

17    doing, deputy clerk Macic has violated 18 U.S.C. § 1512(b).

18    270.   Claim 163 Conspiracy: Judge Koh conspired with deputy clerk Macic for deputy

19    clerk Macic to assign case C14-80017RMW to judge Koh herself for pre-filing review. In so

20    doing, judge Koh has violated 18 U.S.C. § 371.

21    271.   Claim 164 Fabrication: Acting under color of judge Chen's order dismissing case

22    C13-04442EMC, supervisor Voltz assigned case C14-80018RS to judge Seeborg for pre-filing

23    review on January 24, 2014. ¶ 78. In so doing, supervisor Voltz has fabricated the assignment

24    and violated 18 U.S.C. § 1512(c).

1       272.    <u>Claim 165 Intimidation</u>: Supervisor Voltz assigned case C14-80018RS to judge

2   Seeborg for pre-filing review so as to intimidate plaintiff into abandoning the case, In so doing,

3   supervisor Voltz has violated 18 U.S.C. § 1512(b).

4       273.    <u>Claim 166 Conspiracy</u>: Judge Seeborg conspired with supervisor Voltz for her to

5   assign case C14-80018RS to judge Seeborg himself for pre-filing review. In so doing, judge

6   Seeborg has violated 18 U.S.C § 371.

7       274.    <u>Claim 167 Fabrication</u>: On January 27, 2014, deputy clerk Macic refused to file

8   the complaint in case C14-80017RMW. ¶ 79. In so doing, deputy clerk Macic has violated 18

9   U.S.C. § 1512(c).

10       275.    <u>Claim 168 Intimidation</u>: Deputy clerk Macic refused to file the complaint in case

11   C14-80017RMW so as to intimidate plaintiff into abandoning the case. In so doing, deputy clerk

12   Macic has violated 18 U.S.C. § 1512(b).

13       276.    <u>Claim 169 Conspiracy</u>: Judge Chen and judge Whyte conspired with deputy clerk

14   Macic for her to refuse to file the complaint in case C14-80017RMW. In so doing, judge Chen

15   and judge Whyte have violated 18 U.S.C. § 371.

16       277.    <u>Claim 170 Fabrication</u>: On January 27, 2014, supervisor Puli refused to confirm

17   that case C14-80017RMW was assigned to judge Whyte for pre-filing review. ¶ 79. In so doing,

18   supervisor Puli has violated 18 U.S.C. § 1512(c).

19       278.    <u>Claim 171 Intimidation</u>: Supervisor Puli refused to confirm that case C14-

20   80017RMW was assigned to judge Whyte for pre-filing review so as to intimidate plaintiff into

21   abandoning the case. In so doing, supervisor Puli has violated 18 U.S.C. § 1512(b).

22       279.    <u>Claim 172 Conspiracy</u>: Judge Whyte conspired with supervisor Puli for her to

23   refuse to confirm that case C14-80017RMW was assigned to judge Whyte himself for pre-filing

24   review. In so doing, judge Whyte has violated 18 U.S.C. § 371.

Complaint - 40 of 55

1    280.   Claim 173 Fabrication: On January 28, 2014, supervisor Voltz refused to file the

2    complaint in case C14-80018RS. ¶ 81. In so doing, supervisor Voltz has violated 18 U.S.C. §

3    1512(c).

4    281.   Claim 174 Intimidation: Supervisor Voltz refused to file the complaint in case

5    C14-80018RS so as to intimidate plaintiff into abandoning the case. In so doing, supervisor

6    Voltz has violated 18 U.S.C. § 1512(b).

7    282.   Claim 175 Conspiracy: Judge Chen and judge Seeborg conspired with supervisor

8    Voltz for her to refuse to file the complaint in case C14-80018RS. In so doing, judge Chen and

9    judge Seeborg have violated 18 U.S.C. § 371.

10    283.   Claim 176 Fabrication: Supervisor Puli and supervisor Voltz filed false reports

11    with the United States Marshals Service about the incidents that occurred at the district court on

12    January 27 and 28, 2014 to cover up their own misconduct. ¶¶ 79, 81, 83. In so doing, supervisor

13    Puli and supervisor Voltz have violated 18 U.S.C. § 1512(c).

14    284.   Claim 177 Intimidation: Supervisor Puli and supervisor Voltz filed false reports

15    about the incidents that occurred at the district court on January 27 and 28, 2014 to intimidate

16    plaintiff into abandoning cases C14-80017RMW and C14-80018RS. In so doing, supervisor Puli

17    and supervisor Voltz have violated 18 U.S.C. § 1512(b).

18    285.   Claim 178 Conspiracy: Judge Chen, judge Whyte, and judge Seeborg conspired

19    with supervisor Puli and supervisor Voltz for them to file the false reports about the incidents

20    that occurred at the district court on January 27 and 28, 2014. In so doing, judge Chen, judge

21    Whyte, and judge Seeborg have violated 18 U.S.C. § 371.

22    286.   Claim 179 Interference: Acting under color of judge Chen's order dismissing case

23    C13-04442EMC, judge Whyte dismissed case C14-80017RMW on January 30, 2014 before

24    allowing plaintiff to file. ¶ 84. Because judge Chen's order dismissing case C13-04442EMC

Complaint - 41 of 55

1    interferes with *Scheuer*, judge Whyte's order dismissing case C14-80017RMW interferes with

2    *Scheuer*. As a result, judge Whyte has violated 18 U.S.C. § 1509.

3           287.   Claim 180 Fabrication: Because judge Whyte's order dismissing case C14-

4    80017RMW interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge Whyte

5    has fabricated the order and violated 18 U.S.C. § 1512(c).

6           288.   Claim 181 Intimidation: Judge Whyte dismissed case C14-80017RMW so as to

7    intimidate plaintiff into abandoning the case. In so doing, judge Whyte has violated 18 U.S.C. §

8    1512(b).

9           289.   Claim 182 Conspiracy: Judge Chen conspired with judge Whyte for judge Whyte

10   to dismiss case C14-80017RMW. In so doing, judge Chen has violated 18 U.S.C. § 371.

11          290.   Claim 183 Fabrication: Acting under color of judge Chen's order dismissing case

12   C13-04442EMC, deputy clerk Lenahan assigned case C14-80028JSW to judge Wilken for pre-

13   filing review on February 3, 2014. ¶ 85. In so doing, deputy clerk Lenahan has fabricated the

14   assignment and violated 18 U.S.C. § 1512(c).

15          291.   Claim 184 Intimidation: Deputy clerk Lenahan assigned case C14-80028JSW to

16   judge Wilken for pre-filing review so as to intimidate plaintiff into abandoning the case. In so

17   doing, deputy clerk Lenahan has violated 18 U.S.C. § 1512(b).

18          292.   Claim 185 Conspiracy: Judge Wilken conspired with deputy clerk Lenahan for

19   deputy clerk Lenahan to assign case C14-80028JSW to judge Wilken herself for pre-filing

20   review. In so doing, judge Wilken has violated 18 U.S.C. § 371.

21          293.   Claim 186 Fabrication: Acting under color of judge Chen's order dismissing case

22   C13-04442EMC, supervisor Hansen directed deputy clerk Lenahan to persist in assigning the

23   complaint in case C14-80029JSW to judge Wilken for pre-filing review on February 3, 2014.

24   ¶ 86. In so doing, supervisor Hansen has violated 18 U.S.C. § 1512(c).

1    294.    Claim 187 Intimidation: Supervisor Hansen directed deputy clerk Lenahan to

2    persist in assigning the complaint in case C14-80029JSW to judge Wilken for pre-filing review

3    so as to intimidate plaintiff into abandoning the case. In so doing, supervisor Hansen has violated

4    18 U.S.C. § 1512(b).

5    295.    Claim 188 Conspiracy: Judge Chen, judge Koh and judge Wilken conspired with

6    supervisor Hansen for her to direct deputy clerk Lenahan to persist in assigning the complaint in

7    case C14-80029JSW to judge Wilken herself for pre-filing review. In so doing, judge Chen,

8    judge Koh, and judge Wilken have violated 18 U.S.C. § 371.

9    296.    Claim 189 Fabrication: On February 6, 2014 deputy clerk Watson canceled case

10   C14-00567HRL. ¶ 87. In so doing, deputy clerk Watson has fabricated the summons and the

11   scheduling order in case C14-00567HRL and violated 18 U.S.C. § 1512(c).

12   297.    Claim 190 Intimidation: Deputy clerk Watson canceled case C14-00567HRL so

13   as to intimidate plaintiff into abandoning the case. In so doing, deputy clerk Watson has violated

14   18 U.S.C. § 1512(b).

15   298.    Claim 191 Conspiracy: Judge Chen and judge Whyte conspired with deputy clerk

16   Watson for her to cancel case C14-00567HRL. In so doing, judge Chen and judge Whyte have

17   violated 18 U.S.C. § 371.

18   299.    Claim 192 Fabrication: Acting under color of judge Chen's order dismissing

19   case C13-04442EMC, deputy clerk Watson canceled case C14-00567HRL and assigned the

20   complaint in case C14-00567HRL to judge White for pre-filing review. ¶ 87. In so doing, deputy

21   clerk Watson has fabricated the assignment and violated 18 U.S.C. § 1512(c).

22   300.    Claim 193 Intimidation: Deputy clerk Watson assigned the complaint in case

23   C14-00567HRL to judge White for pre-filing review so as to intimidate plaintiff into abandoning

24   the case. In so doing, deputy clerk Watson has violated 18 U.S.C. § 1512(b).

301.   <u>Claim 194 Conspiracy</u>: Judge Chen, judge Whyte, and judge White conspired with deputy clerk Watson for her to cancel case C14-00567HRL and assigned the complaint in the case to judge White himself for pre-filing review. In so doing, judge Chen, judge Whyte, and judge White have violated 18 U.S.C. § 371.

302.   <u>Claim 195 Fabrication</u>: On February 6, 2014, clerk Wieking assigned case C14-80028JSW to judge White for pre-filing review. ¶ 88. In so doing, clerk Wieking has fabricated the assignment and violated 18 U.S.C. § 1512(c).

303.   <u>Claim 196 Intimidation</u>: Clerk Wieking assigned case C14-80028JSW to judge White for pre-filing review so as to intimidate plaintiff into abandoning the case. In so doing, clerk Wieking has violated 18 U.S.C. § 1512(b).

304.   <u>Claim 197 Conspiracy</u>: Judge Chen, judge Wilken, and judge White conspired with clerk Wieking for him to assign case 14-80028JSW to judge White himself for pre-filing review. In so doing, judge Chen, judge Wilken, and judge White have violated 18 U.S.C. § 371.

305.   <u>Claim 198 Fabrication</u>: On February 6, 2014, clerk Wieking assigned case C14-80029JSW to judge White for pre-filing review. ¶ 88. In so doing, clerk Wieking has fabricated the assignment and violated 18 U.S.C. § 1512(c).

306.   <u>Claim 199 Intimidation</u>: Clerk Wieking assigned case C14-80029JSW to judge White for pre-filing review so as to intimidate plaintiff into abandoning the case. In so doing, clerk Wieking has violated 18 U.S.C. § 1512(b).

307.   <u>Claim 200 Conspiracy</u>: Judge Chen, judge Koh, and judge White conspired with clerk Wieking for him to assign case C14-80029JSW to judge White himself for pre-filing review. In so doing, judge Chen, judge Koh, and judge White have violated 18 U.S.C. § 371.

308.   <u>Claim 201 Fabrication</u>: On February 7, 2014, defendant Yang refused to file the complaint in case C14-80030JSW on plaintiff's behalf so as to cover up both judge Chen's order

1    dismissing case C13-04442EMC and judge Whyte's order dismissing case C14-80017RMW.

2    ¶ 89. In so doing, defendant Yang has violated 18 U.S.C. § 1512(c).

3        309.    Claim 202 Intimidation: Defendant Yang refused to file the complaint in case

4    C14-80030JSW on plaintiff's behalf so as to intimidate plaintiff into abandoning the case. In so

5    doing, defendant Yang has violated 18 U.S.C. § 1512(b).

6        310.    Claim 203 Conspiracy: Judge Chen and judge Whyte conspired with defendant

7    Yang for him to refuse to file the complaint in case C14-80030JSW on plaintiff's behalf. In so

8    doing, judge Chen and judge Whyte have violated 18 U.S.C. § 371.

9        311.    Claim 204 Interference: Acting under color of judge Chen's order dismissing case

10   C13-04442EMC, judge Seeborg dismissed case C14-80018RS on February 7, 2014 before

11   allowing plaintiff to file. ¶ 90. Because judge Chen's order dismissing case C13-04442EMC

12   interferes with *Scheuer*, judge Seeborg's order dismissing case C14-80018RS interferes with

13   *Scheuer*. As a result, judge Seeborg has violated 18 U.S.C. § 1509.

14       312.    Claim 205 Fabrication: Because judge Seeborg's order dismissing case C14-

15   80018RS interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge Seeborg

16   has fabricated the order and violated 18 U.S.C. § 1512(c).

17       313.    Claim 206 Intimidation: Judge Seeborg dismissed case C14-80018RS so as to

18   intimidate plaintiff into abandoning the case. In so doing, judge Seeborg has violated 18 U.S.C.

19   § 1512(b).

20       314.    Claim 207 Conspiracy: Judge Chen conspired with judge Seeborg for judge

21   Seeborg to dismiss case C14-80018RS. In so doing, judge Chen has violated 18 U.S.C. § 371.

22       315.    Claim 208 Fabrication: On February 11, 2014, deputy clerk Adams directed

23   plaintiff to deliver the criminal complaint against deputy clerk Watson to the clerk's office at the

24   district court. ¶ 92. In so doing, deputy clerk Adams has violated 18 U.S.C. § 1512(c).

1    316.   <u>Claim 209 Intimidation</u>: Deputy clerk Adams directed plaintiff to deliver the

2  criminal complaint against deputy clerk Watson to the clerk's office at the district court so as to

3  intimidate plaintiff into abandoning case C14-00456HRL and has violated 18 U.S.C. § 1512(b).

4    317.   <u>Claim 210 Conspiracy</u>: Deputy clerk Watson conspired with deputy clerk Adams

5  for him to direct plaintiff to deliver the criminal complaint against deputy clerk Watson herself to

6  the clerk's office at the district court and, as a result, has violated 18 U.S.C. § 371.

7    318.   <u>Claim 211 Fabrication</u>: On February 13, 2014, deputy marshal Harwell ordered

8  plaintiff to deliver the criminal complaint against deputy clerk Watson to the clerk's office at the

9  district court instead of judge Jensen's courtroom. ¶ 93. In so doing, deputy marshal Harwell has

10  violated 18 U.S.C. § 1512(c).

11    319.   <u>Claim 212 Intimidation</u>: Deputy marshal Harwell ordered plaintiff to deliver the

12  criminal complaint against deputy clerk Watson to the clerk's office at the district court instead

13  of judge Jensen's court room so as to intimidate plaintiff into abandoning case C14-00567HRL.

14  In so doing, deputy marshal Harwell has violated 18 U.S.C. § 1512(b).

15    320.   <u>Claim 213 Conspiracy</u>: Judge Chen, judge Whyte, and deputy clerk Watson

16  conspired with deputy marshal Harwell for him to order plaintiff to deliver the criminal

17  complaint against deputy clerk Watson to the clerk's office at the district court instead of judge

18  Jensen's courtroom and, as a result, have violated 18 U.S.C. § 371.

19    321.   <u>Claim 214 Fabrication</u>: On February 18, 2014, judge Guerrero-Daley refused to

20  sign plaintiff's criminal complaint against deputy marshal Harwell. ¶ 94. In so doing, judge

21  Guerrero-Daley has violated 18 U.S.C. § 1512(c).

22    322.   <u>Claim 215 Intimidation</u>: Judge Guerrero-Daley refused to sign plaintiff's criminal

23  complaint against deputy marshal Harwell so as to intimidate plaintiff into abandoning case C14-

24  00567HRL. In so doing, judge Guerrero-Daley has violated 18 U.S.C. § 1512(b).

1    323.    Claim 216 Conspiracy: Deputy marshal Harwell conspired with judge Guerrero-

2    Daley for her to refuse to sign plaintiff's criminal complaint against deputy marshal Harwell

3    himself. In so doing, deputy marshal Harwell has violated 18 U.S.C. § 371.

4    324.    Claim 217 Fabrication: On February 19, 2014, the SJPD refused to file plaintiff's

5    crime report against deputy marshal Harwell. ¶ 95. In so doing, the SJPD has violated 18 U.S.C.

6    § 1512(c).

7    325.    Claim 218 Intimidation: The SJPD refused to file plaintiff's crime report against

8    deputy marshal Harwell so as to intimidate plaintiff into abandoning case C14-00567HRL. In so

9    doing, the SJPD has violated 18 U.S.C. § 1512(b).

10    326.    Claim 219 Conspiracy: Deputy marshal Harwell conspired with the SJPD for the

11    department to refuse to file plaintiff's crime report against deputy marshal Harwell himself. In so

12    doing, deputy marshal Harwell has violated 18 U.S.C. § 371.

13    327.    Claim 220 Fabrication: Director Hylton has failed to respond to plaintiff's crime

14    report against deputy marshal Harwell thus far. ¶ 96. In so doing, director Hylton has violated 18

15    U.S.C. § 1512(c).

16    328.    Claim 221 Intimidation: Director Hylton refused to respond to plaintiff's crime

17    report against deputy marshal Harwell so as to intimidate plaintiff into abandoning case C14-

18    00567HRL. In so doing, director Hylton has violated 18 U.S.C. § 1512(b).

19    329.    Claim 222 Conspiracy: Deputy marshal Harwell conspired with director Hylton

20    for her to refuse to respond to plaintiff's crime report against deputy marshal Harwell himself. In

21    so doing, deputy marshal Harwell has violated 18 U.S.C. § 371.

22    330.    Claim 223 Fabrication: Marshal O'Keefe has failed to respond to plaintiff's crime

23    report against deputy marshal Harwell thus far. ¶ 96. In so doing, marshal O'Keefe has violated

24    18 U.S.C. § 1512(c).

1    331.    Claim 224 Intimidation: Marshal O'Keefe refused to respond to plaintiff's crime

2    report against deputy marshal Harwell so as to intimidate plaintiff into abandoning case C14-

3    00567HRL. In so doing, marshal O'Keefe has violated 18 U.S.C. § 1512(b).

4    332.    Claim 225 Conspiracy: Deputy marshal Harwell conspired with marshal O'Keefe

5    for marshal O'Keefe to refuse to respond to plaintiff's crime report against deputy marshal

6    Harwell himself. In so doing, deputy marshal Harwell has violated 18 U.S.C. § 371.

7    333.    Claim 226 Fabrication: As a defendant in case C13-04442EMC, attorney general

8    Holder has authorized both director Hylton and marshal O'Keefe's refusals to respond to

9    plaintiff's crime report against deputy marshal Harwell. ¶ 96. In so doing, attorney general

10   Holder has violated 18 U.S.C. § 1512(c).

11   334.    Claim 227 Intimidation: Attorney general Holder authorized both director Hylton

12   and marshal O'Keefe's refusals to respond to plaintiff's crime report against deputy marshal

13   Harwell so as to intimidate plaintiff into abandoning case C14-00567HRL. In so doing, attorney

14   general Holder has violated 18 U.S.C. § 1512(b).

15   335.    Claim 228 Conspiracy: Director Hylton and marshal O'Keefe conspired with

16   attorney general Holder for him to authorize their refusals to respond to plaintiff's crime report

17   against deputy marshal Harwell. In so doing, director Hylton and marshal O'Keefe have violated

18   18 U.S.C. § 371.

19   336.    Claim 229 Fabrication: On March 18, 2014, USPS tracking showed that

20   plaintiff's March 11 petition for impeachment was available for pickup at 11:49 a.m. Eastern

21   time. ¶ 98. Yet on March 21, USPS tracking showed that the same petition was delivered on

22   March 18 at 7:38 a.m. Eastern time. ¶ 100. As the substitute defendant in case C10-00464RS,

23   postmaster general Donahoe has authorized the fabrication of USPS tracking of plaintiff's March

24   11 petition. In so doing, postmaster general Donahoe has violated 18 U.S.C. § 1512(c).

Complaint - 48 of 55

1    337.   Claim 230 Intimidation: Postmaster general Donahoe authorized the fabrication of

2    USPS tracking of plaintiff's March 11 petition for impeachment so as to intimidate plaintiff into

3    abandoning the petition. In so doing, postmaster general Donahoe has violated 18 U.S.C. §

4    1512(b).

5    338.   Claim 231 Conspiracy: As respondents in plaintiff's March 11 petition for

6    impeachment, judge Whyte, judge White, judge Chen, judge Koh, judge Seeborg, attorney

7    general Holder, commissioner Lebryk, director Hylton, marshal O'Keefe, deputy marshal

8    Harwell, U.S. attorney Haag, assistant U.S. attorney Scharf, and assistant U.S. attorney Cormier

9    conspired with postmaster general Donahoe for him to authorize the fabrication of USPS

10    tracking of plaintiff's March 11 petition for impeachment. In so doing, judge Whyte, judge

11    White, judge Chen, judge Koh, judge Seeborg, attorney general Holder, commissioner Lebryk,

12    director Hylton, marshal O'Keefe, deputy marshal Harwell, U.S. attorney Haag, assistant U.S.

13    attorney Scharf, and assistant U.S. attorney Cormier have violated 18 U.S.C. § 371.

14    339.   Claim 232 Fabrication: As the substitute defendant in case C10-00464RS,

15    postmaster general Donahoe has authorized referral of the debts under litigation to FMS for

16    collection. ¶ 99. In so doing, postmaster general Donahoe has violated 18 U.S.C. § 1512(c).

17    340.   Claim 233 Intimidation: Postmaster general Donahoe authorized referral of the

18    debts under litigation to FMS for collection so as to intimidate plaintiff into abandoning case

19    C12-02789LHK as well as succeeding cases. In so doing, postmaster general Donahoe has

20    violated 18 U.S.C. § 1512(b).

21    341.   Claim 234 Conspiracy: As respondents in plaintiff's March 11 petition for

22    impeachment, judge Whyte, judge White, judge Chen, judge Koh, judge Seeborg, attorney

23    general Holder, commissioner Lebryk, director Hylton, marshal O'Keefe, deputy marshal

24    Harwell, U.S. attorney Haag, assistant U.S. attorney Scharf, and assistant U.S. attorney Cormier

1    conspired with postmaster general Donahoe for him to authorize referral of the debts under

2    litigation to FMS for collection. In so doing, judge Whyte, judge White, judge Chen, judge Koh,

3    judge Seeborg, attorney general Holder, commissioner Lebryk, director Hylton, marshal

4    O'Keefe, deputy marshal Harwell, U.S. attorney Haag, assistant U.S. attorney Scharf, and

5    assistant U.S. attorney Cormier have violated 18 U.S.C. § 371.

6         342.    Claim 235 Fabrication: Commissioner Lebryk has authorized FMS's issuing of

7    the notices of collection of debts referred by the Postal Service. ¶ 99. In so doing, commissioner

8    Lebryk has violated 18 U.S.C. § 1512(c).

9         343.    Claim 236 Intimidation: Commissioner Lebryk authorized FMS's issuing of the

10   notices of collection of debts referred by the Postal Service so as to intimidate plaintiff into

11   abandoning case C12-02789LHK as well as succeeding cases. In so doing, commissioner Lebryk

12   has violated 18 U.S.C. § 1512(b).

13        344.    Claim 237 Conspiracy: Postmaster general Donahoe conspired with commissioner

14   Lebryk for him to authorize FMS's issuing of the notices of collection of debts referred by the

15   Postal Service. In so doing, postmaster general Donahoe has violated 18 U.S.C. § 371.

16        345.    Claim 238 Fabrication: Commissioner Lebryk has authorized FMS's March 24,

17   2014 refusal to suspend collection of the debts referred by the Postal Service. ¶ 102. In so doing,

18   commissioner Lebryk has violated 18 U.S.C. § 1512(c).

19        346.    Claim 239 Intimidation: Commissioner Lebryk authorized FMS's March 24, 2014

20   refusal to suspend collection of the debts referred by the Postal Service so as to intimidate

21   plaintiff into abandoning case C12-02789LHK and, as a result, has violated 18 U.S.C. § 1512(b).

22        347.    Claim 240 Conspiracy: Postmaster general Donahoe conspired with commissioner

23   Lebryk for him to refuse to suspend collection of the debts referred by the Postal Service. In so

24   doing, postmaster general Donahoe has violated 18 U.S.C. § 371.

1    348.   Claim 241 Interference: Acting under color of judge Chen's order dismissing

2    case C13-04442EMC, judge White dismissed case C14-80028JSW on March 26, 2014 before

3    allowing plaintiff to file. ¶ 103. Because judge Chen's order dismissing case C13-04442EMC

4    interferes with *Scheuer*, judge White's order dismissing case C14-80028JSW interferes with

5    *Scheuer*. As a result, judge White has violated 18 U.S.C. § 1509.

6    349.   Claim 242 Fabrication: Because judge White's order dismissing case C14-

7    80028JSW interferes with both *Scheuer* and the Fifth Amendment of the Constitution, judge

8    White has fabricated the order and violated 18 U.S.C. § 1512(c).

9    350.   Claim 243 Intimidation: Judge White dismissed case C14-80028JSW so as to

10   intimidate plaintiff into abandoning the case. In so doing, judge White has violated 18 U.S.C. §

11   1512(b).

12   351.   Claim 244 Conspiracy: Judge Chen conspired with judge White for judge White

13   to dismiss case C14-80028JSW. In so doing, judge Chen has violated 18 U.S.C. § 371.

14   352.   Claim 245 Interference: Acting under color of judge Chen's order dismissing

15   case C13-04442EMC, judge White dismissed case C14-80030JSW on March 26, 2014 before

16   allowing plaintiff to file. ¶ 103. Because judge Chen's order dismissing case C13-04442EMC

17   interferes with *Scheuer*, judge White's order dismissing case C14-80030JSW interferes with

18   *Scheuer*. As a result, judge White has violated 18 U.S.C. § 1509.

19   353.   Claim 246 Fabrication: Because judge White's order dismissing case C14-

20   80030JSW interferes with both *Scheuer* and the Fifth Amendment of the Constitution, judge

21   White has fabricated the order and violated 18 U.S.C. § 1512(c).

22   354.   Claim 247 Intimidation: Judge White dismissed case C14-80030JSW so as to

23   intimidate plaintiff into abandoning the case. In so doing, judge White has violated of 18 U.S.C.

24   § 1512(b).

Complaint - 51 of 55

1    355.   Claim 248 Conspiracy: Judge Chen conspired with judge White for judge White

2    to dismiss case C14-80030JSW. In so doing, judge Chen has violated 18 U.S.C. § 371.

3    356.   Claim 249 Tort: Judge Wilken is liable for the above claims against clerk

4    Wieking, supervisor Puli, supervisor Voltz, supervisor Hansen, deputy clerk Lenahan, deputy

5    clerk Brown, deputy clerk Salinas-Harwell, deputy clerk Macic, deputy clerk Watson, and

6    deputy clerk Adams as the chief judge of the district court. The liability arises from the Federal

7    Tort Claims Act, 28 U.S.C. §§ 2671-2680.

8    357.   Claim 250 Tort: Attorney general Holder is liable for the above claims against

9    U.S. attorney Haag, assistant U.S. attorney Scharf, assistant U.S. attorney Cormier, director

10    Hylton, marshal O'Keefe, and deputy marshal Harwell as well. The liability arises from the

11    Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

12    358.   Claim 251 Tort: The Supreme Court bears the responsibility for supervising the

13    district court. As a result, the Chief Justice is liable for the above claims against judge Wilken,

14    judge Whyte, judge White, judge Chen, judge Koh, judge Seeborg, and judge Lloyd as well. The

15    liability arises from the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

16                              **REQUEST FOR RELIEF**

17    WHEREFORE, plaintiff respectfully requests that the court enter judgment against

18    defendants and provide plaintiff the following relief:

19    A.   A declaratory judgment that judge Wilken, judge Whyte, judge White, judge Chen, judge

20         Koh, judge Seeborg, judge Lloyd, attorney general Holder, U.S. attorney Haag, assistant

21         U.S. attorney Cormier, assistant U.S. attorney Scharf, clerk Wieking, supervisor Puli,

22         supervisor Voltz, supervisor Hansen, deputy clerk Lenahan, deputy clerk Brown, deputy

23         clerk Salinas-Harwell, deputy clerk Macic, deputy clerk Watson, deputy clerk Adams,

24         director Hylton, marshal O'Keefe, deputy marshal Harwell, postmaster general Donahoe,

Complaint - 52 of 55

1    commissioner Lebryk, judge Guerrero-Daley, the San Jose Police Department, and

2    defendant Yang engaged in tampering with court records, intimidation, and conspiracy

3    in case C12-02789LHK or succeeding cases.

4    B.    Referring judge Wilken, judge Whyte, judge White, judge Chen, judge Koh, judge

5    Seeborg, judge Lloyd, attorney general Holder, U.S. attorney Haag, assistant U.S.

6    attorney Cormier, assistant U.S. attorney Scharf, clerk Wieking, supervisor Puli,

7    supervisor Voltz, supervisor Hansen, deputy clerk Lenahan, deputy clerk Brown,

8    deputy clerk Salinas-Harwell, deputy clerk Macic, deputy clerk Watson, deputy clerk

9    Adams, director Hylton, marshal O'Keefe, deputy marshal Harwell, postmaster general

10   Donahoe, commissioner Lebryk, judge Guerrero-Daley, the San Jose Police Department,

11   and defendant Yang to the United States attorney's office for criminal prosecution.

12   C.    Monetary damages in the amount of $12,000,000.00 against judge Wilken,

13   $12,000,000.00 against judge Whyte, $12,000,000.00 against judge White,

14   $16,000,000.00 against judge Chen, $16,000,000.00 against judge Koh, $8,000,000.00

15   against judge Seeborg, $8,000,000.00 against judge Lloyd, $8,000,000.00 against clerk

16   Wieking, $8,000,000.00 against supervisor Puli, $8,000,000.00 against supervisor Voltz,

17   $8,000,000.00 against supervisor Hansen, $4,000,000.00 against deputy clerk Lenahan,

18   $4,000,000.00 against deputy clerk Brown, $4,000,000.00 against deputy clerk Salinas-

19   Harwell, $4,000,000.00 against deputy clerk Macic, $4,000,000.00 against deputy clerk

20   Watson, $4,000,000.00 against deputy clerk Adams, $16,000,000.00 against attorney

21   general Holder, $16,000,000.00 against U.S. attorney Haag, $16,000,000.00 against

22   assistant U.S. attorney Cormier, $16,000,000.00 against assistant U.S. attorney Sharf,

23   $12,000,000.00 against director Hylton, $12,000,000.00 against marshal O'Keefe,

24   $12,000,000.00 against deputy marshal Harwell, $12,000,000 against postmaster general

1    Donahoe, $12,000,000.00 against commissioner Lebryk, $4,000,000.00 against defendant

2    Yang, $8,000,000.00 against judge Guerrero-Daley, and $12,000,000.00 against the San

3    Jose Police department based on criminal claims 1-248.

4  D.   Monetary punitive damages due to the criminal offenses committed by judge Wilken,

5    judge Whyte, judge White, judge Chen, judge Koh, judge Seeborg, judge Lloyd, clerk

6    Wieking, supervisor Puli, supervisor Voltz, supervisor Hansen, deputy clerk Lenahan,

7    deputy clerk Brown, deputy clerk Salinas-Harwell, deputy clerk Macic, deputy clerk

8    Watson, deputy clerk Adams, attorney general Holder, U.S. attorney Haag, assistant U.S.

9    attorney Cormier, assistant U.S. attorney Scharf, director Hylton, marshal O'Keefe,

10    deputy marshal Harwell, postmaster general Donahoe, commissioner Lebryk, defendant

11    Yang, judge Guerrero-Daley, and the San Jose Police Department.

12  E.   Monetary damages in the amount of $84,000,000.00 against the Chief Justice,

13    $84,000,000.00 against the attorney general, and $66,000,000.00 against judge Wilken

14    based on tort claims 249-251.

15  F.   An order to disbar U.S. attorney Haag, assistant U.S. attorney Cormier, assistant U.S.

16    attorney Scharf, and defendant Yang from the district court.

17  G.   Plaintiff's reasonable costs and expenses of this action in accordance with 42 U.S.C. §

18    1988 and other applicable law.

19  H.   All other further relief to which plaintiff may be entitled.

20

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

3      Respectfully submitted this 10th day of June 2014.

*Kuang-bao Ou-young*

4
5      KUANG-BAO P. OU-YOUNG
6      1362 Wright Avenue
7      Sunnyvale, California 94087
8      (408)736-7793
9      kbouyoung@yahoo.com
10
11     Plaintiff

# Exhibit I

AO 440 (Rev. 06/12)  Summons in a Civil Action

E-filing   E-filing

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| ~~KOANG BATG RGOLF YEQNG~~ | ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) ) |
| JOHN G. ROBERTS, JR., et al | ) ) ) |
| _Defendant(s)_ | ) |

CV 14 - 0 0 5 6 7

Civil Action No.

ADR

HRL

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

RONALD M. WHYTE
District Judge
United States District Court
for the Northern District of California
280 South First Street
San Jose, CA 95113

EDWARD M. CHEN
District Judge
United States District Court
for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

~~KOANG BATG ZGUOOUNO~~
1832 Wright Avenue
Sunnyvale, CA 94087

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   FEB 0 6 2014 _____

_Betty_ _Walton_

_Signature of Clerk or Deputy Clerk_

# Exhibit II

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*ORIGINAL FILED*

*FEB 06 2014*

*Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose*

KUANG-BAO P. OU-YOUNG,

　　　　　Plaintiff (s),

　　v.

JOHN G. ROBERTS, JR. ET AL,

　　　　　Defendant(s).

No. **C 14-00567 HRL**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

　　　　　IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

　　　　　IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

　　　　　IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 2/6/2014 | Complaint filed | |
| 5/20/2014 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 6/3/2014 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 6/10/2014 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# Exhibit III

CV 14 80030 MISC. JSW

ADR   Received

E-filing

*ORIGINAL FILED*

FEB 06 2014

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

HRL

1   KUANG-BAO P. OU-YOUNG
2   1362 Wright Avenue
3   Sunnyvale, California 94087
4   (408) 736-7793
5   kbouyoung@yahoo.com
6
7   Plaintiff Pro Se
8
9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                         SAN JOSE DIVISION
12
13   KUANG-BAO P. OU-YOUNG,              )   Case No. CV 14 80030
14                                       )
15                    Plaintiff,         )   COMPLAINT
16                                       )
17          vs.                          )   DEMAND FOR JURY TRIAL
18                                       )
19   JOHN G. ROBERTS, JR.,               )
20   Chief Justice,                      )
21   Supreme Court of the United States; )
22   RONALD M. WHYTE,                    )
23   District Judge, United States District Court )
24   for the Northern District of California; )
25   EDWARD M. CHEN,                     )
26   District Judge, United States District Court )
27   for the Northern District of California; )
28   SNOOKI R. PULI,                     )
29   Supervisor, United States District Court )
30   for the Northern District of California; )
31   ODILE HANSEN,                       )
32   Supervisor, United States District Court )
33   for the Northern District of California; )
34   SIMONE VOLTZ,                       )
35   Supervisor, United States District Court )
36   for the Northern District of California; )
37   CYNTHIA LENAHAN,                    )
38   Deputy Clerk, United States District Court )
39   for the Northern District of California, )
40                                       )
41                    Defendants.        )
42   _____ )
43
44

Complaint - 1 of 7

1                               **INTRODUCTION**

2        1.      On February 2, 2010, plaintiff filed a civil case against the United States Postal

3    Service (the "Postal Service") (Case No. C10-00646RS, "Docket A"). On June 10, 2011, district

4    judge Richard Seeborg issued a summary judgment and dismissed the case. On May 31, 2012,

5    plaintiff filed a civil case against four postal employees with the district court (Case No. C12-

6    02789LHK, "Docket B"). Case C12-02798LHK is based on the postal employees' presentation

7    of false declarations in defense of the Postal Service in case C10-00464RS. On November 9,

8    2012, district judge Lucy H. Koh dismissed case C12-02789LHK. The dismissal order was

9    entered as judgment on November 21, 2012. On June 10, 2013, judge Koh denied plaintiff's

10   motion to vacate the November 21, 2012 dismissal judgment. As a result, plaintiff filed a civil

11   case against judge Koh on September 25, 2013 (Case No. C13-04442EMC, "Docket E"). District

12   judge Edward M. Chen dismissed case C13-04442EMC on December 20, 2013. In the dismissal

13   order, judge Chen also declared plaintiff a vexatious litigant. In particular, judge Chen ruled:

14           Plaintiff must obtain leave of court before filing any further suits alleging any
15           violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18
16           U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. §
17           2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young*
18           *I, Ou-Young II, Ou-Young III,* and *Ou-Young IV,* previously filed in the Court.
19           The clerk of this Court shall not accept for filing any further complaints filed
20           by Plaintiff alleging any claims described herein until that complaint has first
21           been reviewed by a judge of this court and approved for filing. The pre-filing
22           review will be made by the general duty judge who will determine whether
23           Plaintiff has stated a potentially cognizable claim in a short intelligible and
24           plain statement.
25
26       2.      On January 23, 2014, plaintiff delivered a complaint to the clerk's office at the

27   San Jose division. On January 30, 2014, district judge Ronald M. Whyte dismissed the delivered

28   complaint instead of allowing plaintiff to file. In so doing, judge Whyte in conjunction with

29   judge Chen have denied plaintiff procedural due process in violation of the Due Process Clause

30   of the Fifth Amendment. Thus, this action seeks to hold both judge Whyte and judge Chen

1    accountable for their unconstitutional orders. Further, plaintiff seeks to recover damages from

2    severe mental stress caused by such unconstitutional practices.

3                          **JURISDICTION AND VENUE**

4        3.    This action raises questions under the Fifth Amendment of the United States

5    Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. This court has original

6    jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343. This court has authority to

7    award the requested declaratory relief under 28 U.S.C. § 2201, the requested injunctive relief

8    under 28 U.S.C. § 1343(3), the requested damages under 28 U.S.C. § 1343(3), and legal costs

9    under 42 U.S.C. § 1988.

10       4.    Venue is proper under 28 U.S.C. § 1391(b)(2) in the northern district of California

11   because a substantial part of the actions giving rise to this case occurred within the district.

12                          **INTRADISTRICT ASSIGNMENT**

13       5.    Pursuant to Civil L.R. 3-2(c) - (d) and 3-5, this is a civil rights case, in a non-

14   excepted category, suitable for assignment to the San Jose division because the civil action arose

15   in Santa Clara County.

16                                **PLAINTIFF**

17       6.    Plaintiff Kuang-Bao P. Ou-Young is a pro se litigant.

18                                **DEFENDANTS**

19       7.    Defendant John G. Roberts, Jr. is Chief Justice, Supreme Court of the United

20   States.

21       8.    Defendant Donald M. Whyte is a district judge at the United States district court

22   for the northern district of California.

23       9.    Defendant Edward M. Chen is a district judge at the Unites States district court

24   for the northern district of California.

Complaint - 3 of 7

1        10.     Defendant Snooki R. Puli is a supervisor at the San Jose division of the United

2     States district court for the northern district of California.

3                              **STATEMENT OF FACTS**

4        11.     On February 2, 2010, plaintiff filed a civil action against the Postal Service with

5     this district court (Case No. C10-00464RS, "Docket A").

6        12.     On June 10, 2011, district judge Richard Seeborg issued a summary judgment and

7     dismissed the case. Doc. Nos. A53, A54.

8        13.     On May 31, 2012, plaintiff filed a civil action against four postal employees with

9     the district court (Case No. C12-02789LHK, "Docket B"). This case is based on the postal

10    employees' presentation of false declarations in defense of the Postal Service in case C10-

11    00464RS.

12       14.     On November 9, 2012, judge Koh dismissed case C12-02789LHK. The dismissal

13    order was entered as judgment on November 21. Doc. Nos. B28, B29.

14       15.     On December 5, 2012, plaintiff moved to vacate the November 21 judgment

15    dismissing case C12-02789LHK. Doc. No. B34.

16       16.     On June 10, 2013, judge Koh denied plaintiff's December 5, 2012 motion to

17    vacate judgment. Doc. No. B48.

18       17.     On September 25, 2013, plaintiff filed a civil action based on judge Koh's June 10

19    denial of plaintiff's motion to vacate judgment (Case No. C13-04442EMC, "Docket E").

20       18.     On November 5, 2013, the United States moved to dismiss case C13-04442EMC.

21    Doc. No. E24.

22       19.     On November 14, 2013, the United States moved to declare plaintiff a vexatious

23    litigant. Doc. No. E28.

Complaint - 4 of 7

1    20.    On December 20, 2013, judge Chen dismissed case C13-04442EMC and declared

2    plaintiff a vexatious litigant. Doc. No. E40. Regarding the criminal claims based on 28 U.S.C. §§

3    371, 1512(b), and 1512(c) in the complaint, judge Chen ruled, "As a threshold matter, this Court

4    lacks jurisdiction because all federal defendants are immune from suit." *Ditto* at 7. Regarding the

5    FTCA claims, judge Chen ruled, "This Court lacks jurisdiction over Plaintiff's FTCA claims

6    because he failed to exhaust his administrative remedies." *Ditto* at 10. Based on these two

7    rulings, judge Chen ordered: (*Ditto* at 16-17)

8        Plaintiff must obtain leave of court before filing any further suits alleging any
9        violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18
10       U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. §
11       2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young*
12       *I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in the Court.
13       The clerk of this Court shall not accept for filing any further complaints filed
14       by Plaintiff alleging any claims described herein until that complaint has first
15       been reviewed by a judge of this court and approved for filing. The pre-filing
16       review will be made by the general duty judge who will determine whether
17       Plaintiff has stated a potentially cognizable claim in a short intelligible and
18       plain statement.
19
20    However, there exists no justification for judge Chen's order to screen plaintiff's upcoming

21    complaint. Plaintiff is bound to name judge Chen and judge Koh as defendants in that complaint.

22    Under the presumption that judge Chen's rulings on the criminal claims and the FTCA claims

23    represent legitimate decisions, an impartial, non-defendant, judge will uphold these rulings after

24    the new complaint is filed. As a result, screening of plaintiff's impending complaint serves solely

25    to cover up the impropriety of such rulings.

26    21.    On January 23, 2014, plaintiff delivered a complaint to the clerk's office at the

27    San Jose division. The complaint is based on judge Chen's December 20, 2013 dismissal order.

28    Deputy clerk Gordana Macic received the complaint and assigned it to judge Koh under judge

29    Chen's screening order (Case No. C14-mc-80017RMW). Because she was named a defendant,

30    clerk Macic said that judge Koh would refer the complaint to another judge.

Complaint - 5 of 7

1      22.    On January 27, 2014, plaintiff informed clerk Macic of the illegitimacy of judge

2    Chen's dismissal order. Plaintiff then asked clerk Macic to file the delivered complaint and issue

3    a summons to plaintiff. Supervisor Snooki R. Puli replied that judge Whyte was reviewing the

4    complaint. When plaintiff asked supervisor Puli to call judge Whyte, supervisor Puli asked

5    plaintiff to leave the clerk's office.

6      23.    On January 30, 2014, judge Whyte dismissed the delivered complaint instead of

7    allowing plaintiff to file. "The fundamental requisite of due process of law is the opportunity to

8    be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). In *Snyder v. Massachusetts*, 291 U.S.

9    97, 105 (1934), the Supreme Court has held that a due process is violated if a practice or rule

10    "offends some principle of justice so rooted in the traditions and conscience of our people as to

11    be ranked as fundamental." Accordingly, judge Whyte's January 30, 2014 dismissal order in

12    conjunction with judge Chen's December 20, 2013 dismissal order have denied plaintiff

13    procedural due process in violation of the Due Process Clause of the Fifth Amendment.

14                        **CLAIMS**

15      24.    <u>Claim 1 Procedure Due Process</u>: Judge Whyte's January 30, 2014 dismissal order

16    in conjunction with judge Chen's December 20, 2013 dismissal order have denied plaintiff

17    procedural due process in violation of the Due Process Clause of the Fifth Amendment to the

18    United States Constitution.

19                  **REQUEST FOR RELIEF**

20        WHEREFORE, plaintiff respectfully requests that the court enter judgment against judge

21    Whyte as well as judge Chen and provide plaintiff the following relief:

22    A.    A declaratory judgment that judge Whyte's January 30, 2014 dismissal order in

23          conjunction with judge Chen's December 20, 2013 dismissal order violate the Due

24          Process Clause of the Fifth Amendment to the United States Constitution.

Complaint - 6 of 7

1   B.   An order vacating judge Chen's December 20, 2013 dismissal order and judgment as well

2        as judge Whyte's January 30, 2014 dismissal order and judgment.

3   C.   Monetary damages in the amount of $16,000,000.00 against judge Whyte, and

4        $16,000,000.00 against judge Chen.

5   D.   Plaintiff's reasonable costs and expenses of this action in according with 42 U.S.C. §

6        1988 and other applicable law.

7   E.   All other further relief to which plaintiff may be entitled.

8                       **DEMAND FOR JURY TRIAL**

9        Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

10       Respectfully submitted this 6th day of February 2014.

11
12       KUANG-BAO P. OU-YOUNG
13       1362 Wright Avenue
14       Sunnyvale, California 94087
15       (408) 736-7793
16       kbouyoung@yahoo.com
17
18       Plaintiff

Complaint - 7 of 7

JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KUANG-BAO P. OU-YOUNG

**(b)** County of Residence of First Listed Plaintiff    Santa Clara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

CV14  80030  MISC̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ RL

## DEFENDANTS

JOHN G. ROBERTS, JR., et al

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5th Amendment of the United States Constitution, 42 U.S.C. section 1983
Brief description of cause:
Defendants denied plaintiff procedure due process

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $  32,000,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  02/06/2014    SIGNATURE OF ATTORNEY OF RECORD  Kuang-bao Ou-young

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)*    ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE   ☐ EUREKA

# Exhibit IV

1  KUANG-BAO P. OU-YOUNG
2  1362 Wright Avenue
3  Sunnyvale, California 94087
4  (408) 736-7793
5  kbouyoung@yahoo.com
6
7  Complainant Pro Se
8
9          UNITED STATES DISTRICT COURT
10         NORTHERN DISTRICT OF CALIFORNIA
11               SAN JOSE DIVISION
12
13  KUANG-BAO P. OU-YOUNG          )
14                                )
15          v.                    )         Case No.
16                                )
17  BETTY WATSON,                 )
18  Deputy Clerk, United States District Court )
19  for the Northern District of California,   )
20                                )
21          Defendant.            )
22  _____)
23

24                   **CRIMINAL COMPLAINT**

25       I, the complainant in this case, state that the following is true to the best of my knowledge

26  and belief: On February 6, 2014, Betty Watson, a deputy clerk at the San Jose division of the

27  United States district court for the northern district of California (the "district court") fabricated

28  a summons and a scheduling order based on complainant's civil complaint delivered to the

29  clerk's office. In so doing, defendant Watson has violated 18 U.S.C. § 1512(c), which prohibits

30  tampering with federal court records. In addition, defendant Watson has violated 18 U.S.C. §

31  1512(b), which prohibits tampering with witness in a federal court proceeding.

32       1.    On February 2, 2010, complainant filed a civil action against the United States

33  Postal Service with this district court (Case No. C10-00464RS, "Docket A").

34       2.    On June 10, 2011, district judge Richard Seeborg issued a summary judgment and

35  dismissed the case. Doc. Nos. A53, A54.

Criminal Complaint - 1 of 3

1        3.      On May 31, 2012, plaintiff filed a civil action against four postal employees with

2  the district court (Case No. C12-02789LHK, "Docket B"). This case resulted from the postal

3  employees' presentation of false declarations in defense of the Postal Service in case C10-

4  00464RS.

5        4.      District judge Lucy H. Koh dismissed case C12-02789LHK on November 9,

6  2012. The dismissal order was entered as judgment on November 21. Doc. Nos. B28, B29.

7        5.      On December 5, 2012, complainant moved to vacate the November 21 judgment

8  dismissing case C12-02789LHK. Doc. No. B34.

9        6.      On June 10, 2013, judge Koh denied complainant's December 5, 2012 motion to

10  vacate judgment. Doc. No. B48.

11        7.      On September 25, 2013, the denial of complainant's December 5, 2012 motion to

12  vacate judgment resulted in a civil action against judge Koh (Case No. C13-04442EMC, "Docket

13  E").

14        8.      District judge Edward M. Chen dismissed case C13-04442EMC on December 20,

15  2013. Judge Chen's dismissal order also subjected complainant's future complaints to pre-filing

16  review by a general duty judge. Doc. No. E40.

17        9.      On January 23, 2014, complainant delivered a complaint to the clerk's office at

18  the San Jose division. District judge Ronal M. Whyte was assigned to review the complaint

19  under judge Chen's December 2013 dismissal order  (Case No. C14-mc-80017RMW).

20        10.     On January 30, 2014, judge Whyte dismissed the January 23 complaint.

21        11.     On February 6, 2014, plaintiff delivered a complaint against judge Whyte and

22  judge Chen to the clerk's office at the San Jose division.

23        12.     Defendant Watson received the complaint and issued a scheduling order and a

24  summons to plaintiff (Case No. C14-00567HRL). Exhibits I, II.

Criminal Complaint - 2 of 3

1          13.      Subsequently, district judge Jeffrey S. White was assigned to review the delivered

2   complaint under judge Chen's December 2013 dismissal order (Case No. C14-mc-80030JSW).

3   Exhibit III.

4          14.      The fact that complainant's February 6, 2014 complaint is under judge White's

5   pre-filing review, shows that defendant Watson has fabricated the summons and the scheduling

6   order in phantom case C14-00567HRL. In so doing, defendant Watson has violated 18 U.S.C §

7   1512(c), which prohibits tampering with federal court records. In addition, defendant Watson

8   issued the fabricated summons and scheduling order so as to intimidate complainant into

9   abandoning the case. In so doing, defendant Watson has violated 18 U.S.C. § 1512(b), which

10   prohibits tampering with witness in a federal court proceeding.

11

12

13
14                                        *Complainant's signature*
15                                        KUANG-BAO P. OU-YOUNG
16                                        Complainant Pro Se

17

18   Sworn to before me and signed in my presence,

19   Date:
20                                          *Judge's signature*
21   City and state: San Jose, California       D. Lowell Jensen
22                                        United States District Judge

# Exhibit V

Stacia Hylton
Director, United States Marshals Service
United States Marshals Headquarters, Mail Stop CS-3
Washington, DC 20530-1000

Donald M. O'Keefe
United States Marshal for the Northern District of California
United States Courthouse/Phillip Burton Building
450 Golden Gate Avenue, Room 20-6888
San Francisco, CA 94102

**CRIME REPORT**

The undersigned is a resident of the city of Sunnyvale, California. As a victim of a

federal crime committed on February 13, 2014 at the San Jose courthouse of the United States

District Court for the Northern District of California (the "district court"), the undersigned

reports the incident as follows:

On February 13, 2014, around 9:30 a.m., the undersigned arrived at the San Jose

courthouse of the district court, located at 280 South First Street, San Jose, California. Inside the

courthouse, at courtroom 7, 4th floor, United States district judge D. Lowell Jensen presided over

federal criminal proceedings all morning. The undersigned had brought a confidential document

to be sworn to before judge Jensen under Rule 3 of the Federal Rules of Criminal Procedure

("Fed. R. Crim. P."). Specifically, Rule 3 provides:

> The complaint is a written statement of the essential facts constituting the
> offense charged. Except as provided in Rule 4.1, it must be made under oath
> before a magistrate judge or, if none is reasonably available, before a state or
> local judicial officer.

Rule 1(c) of the FED. R. Crim. P., in turn, provides: "When these rules authorize a magistrate

judge to act, any other federal judge may also act."

After the undersigned cleared security at the courthouse entrance, supervising marshal

Mark Harwell ordered the undersigned to file the confidential document at the clerk's office,

-1-

citing the Local Rules of the district court. Deputy clerk Betty Watson issued a receipt to the undersigned afterwards. *See* the next page for a copy of the receipt.

However, the confidential document that the undersigned brought to the district court was a federal criminal complaint against clerk Watson. The Local Criminal Rules of the district court is silent on the procedure as to having a federal criminal complaint sworn to before a district judge. Besides, judge Jensen's courtroom was open to the public during the scheduled criminal proceedings. Hence marshal Harwell has abused his authority to intimidate the undersigned into submitting the federal criminal complaint to the clerk's office rather than judge Jensen's courtroom. In so doing, marshal Harwell has violated 18 U.S.C. § 1512(c), which prohibits tampering with federal court records. At the same time, marshal Harwell has violated 18 U.S.C. § 1512(b), which prohibits tampering with witness in federal court proceedings. Hence marshal Harwell must be referred to the United States Attorney's Office for criminal prosecution.

Please respond within 48 hours after receiving this report. Otherwise, the undersigned will be obliged to seek impeachment against marshal Harwell as well as his superiors such as yourselves from the United States House of Representatives under Section 4, Article II of the Constitution.

Date: February 25, 2014

Kuang-Bao P. Ou-Young
1362 Wright Avenue
Sunnyvale, CA 94087
(408) 736-7793
kbouyoung@yahoo.com



The Honorable D. Lowell Jensen
District Judge
United States District Court
for the Northern District of California

Confidential

RECEIVED

FEB 1 3 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

INSPECTED BY
US MARSHALS

FEB 1 3 2014



# Exhibit VI



English        Customer Service        USPS Mobile                                                    Register / Sign In



Search USPS.com or Track Packages

| Quick Tools | | | | |
| --- | --- | --- | --- | --- |
| Track | Ship a Package | Send Mail | Manage Your Mail | Shop | Business Solutions |

Quick Tools
Track
Enter up to 10 Tracking #' Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Look Up a ZIP Code
Hold Mail
Change of Address

# USPS Tracking™

Customer Service ›
Have questions? We're here to help.

**Tracking Number: 9114901230801375051284**

**Expected Delivery Day: Wednesday, March 12, 2014**

## Product & Tracking Information

### Available Actions

| Postal Product: | Features: | |
| --- | --- | --- |
| Priority Mail 2-Day™ | $50 insurance included | USPS Tracking™ |

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| March 16, 2014 , 11:49 am | Available for Pickup | WASHINGTON, DC 20515 |
| March 16, 2014 , 10:42 am | Arrival at Hub | WASHINGTON, DC 20018 |
| March 14, 2014 | Depart USPS Sort Facility | WASHINGTON, DC 20018 |
| March 13, 2014 , 10:38 am | Processed through USPS Sort Facility | WASHINGTON, DC 20018 |
| March 11, 2014 | Depart USPS Sort Facility | SAN FRANCISCO, CA 94188 |
| March 10, 2014 , 7:52 pm | Processed at USPS Origin Sort Facility | SAN FRANCISCO, CA 94188 |
| March 10, 2014 , 3:44 pm | Dispatched to Sort Facility | SUNNYVALE, CA 94087 |
| March 10, 2014 , 11:12 am | Acceptance | SUNNYVALE, CA 94087 |

## Track Another Package

What's your tracking (or receipt) number?

[                                                    ]   Track It

## LEGAL

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

## ON USPS.COM

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

## ON ABOUT.USPS.COM

About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

## OTHER USPS SITES

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

USPS.COM°   |   Copyright© 2014 USPS. All Rights Reserved.

# Exhibit VII

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P. O. BOX 830794
BIRMINGHAM, AL 35283-0794



March 19, 2014



KUANGBAO P OUYOUNG
1362 WRIGHT AVE
SUNNYVALE, CA 94087-3025

FedDebt Case Identification: 2014083879A
Agency Debt Identification: 6-4138754

Your unpaid delinquent debt owed to the U S Postal Service, US Postal Service - San Mateo ASC, Eagan MAS1, has been referred to the U.S. Department of the Treasury for collection. According to the records of the U S Postal Service, you owe $155.10.

Collection action will continue unless you make payment, within ten (10) days from the date of this letter, in the amount of $201.63, which includes all applicable fees, interest, and penalties, as of today.

If you wish to avoid further collection action and additional charges, you must immediately pay your debt. Your check or money order should be made payable to the U.S. Treasury-FMS. To ensure proper credit to your account, please include the FedDebt Case Identification Number 2014083879A in the memo section of your payment. Please note that we accept credit card payments via MasterCard, Visa, Discover, or American Express. Please send your payment with the attached PAYMENT COUPON to:   U.S. Department of the Treasury - FMS
Debt Management Services
Post Office Box 979101
St. Louis, MO 63197-9000

You may also make an electronic payment via pay.gov:
(https://www.pay.gov/paygov/forms/formInstance.html?agencyFormId=16531440).

Correspondence should be mailed to:  U.S. Department of the Treasury
Debt Management Services
Post Office Box 830794
Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact a Customer Service Representative toll free at (888) 826-3127, or the Telecommunications Device for the Deaf (TDD) at (866) 896-2947.

U. S. Department of the Treasury
Debt Management Services

DSBDL__003_  fdv1                          Detach Here           00000012072014083879A DL__0020848069 108
                                          PAYMENT COUPON

KUANGBAO P OUYOUNG
1362 WRIGHT AVE
SUNNYVALE, CA 94087-3025

FedDebt Case Identification Number:   2014083879A
                        Amount Due:   $201.63
                   Amount Enclosed:   _____

METHOD OF PAYMENT (check one):
*Make check/money order payable to: U.S. Department of Treasury - FMS*
☐ Personal/Company Check      ☐ Money Order      ☐ Bank Check

# Exhibit VIII


**UNITED STATES**
**POSTAL SERVICE**

## Statement

Page 1 of 1

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9640

STATEMENT DATE: 27-SEP-2010
CUSTOMER NUMBER: 03735614
TOTAL DUE: $ 155.10

KUANGBAO P OUYOUNG
1362 WRIGHT AVE
SUNNYVALE CA 94087-3025

**Questions or correspondence:**
YOUR EMPLOYING OFFICE MAY CONTACT US AT
651 681-1404 IF ADDITIONAL ASSISTANCE IS
NEEDED.

Please direct any questions to your employing office.

| TRANSACTION NUMBER | DATE | TRANSACTION TYPE | DUE DATE | REFERENCE | TRANSACTION AMOUNT | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 702154620 | 04-AUG-10 | Invoice | 03-SEP-10 | P36320 PRD | 155.10 | 155.10 |

| Current | 1-30 Days | 31-60 Days | 61-90 Days | Over 90 Days | FINANCE CHARGES | TOTAL DUE |
|---|---|---|---|---|---|---|
| 0.00 | 155.10 | 0.00 | 0.00 | 0.00 | 0.00 $ | 155.10 |

----- To ensure proper credit to your account, Please return bottom portion with your remittance -----


**UNITED STATES**
**POSTAL SERVICE**
ATTN: FINANCIAL PROCESSING
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9616

STATEMENT DATE: 27-SEP-2010
CUSTOMER NUMBER: 03735614
TOTAL DUE: $ 155.10

AMOUNT PAID: $ _____._____

KUANGBAO P OUYOUNG
1362 WRIGHT AVE
SUNNYVALE CA 94087-3025

**MAIL TO:**

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9640

Check here to change address, complete new address on reverse.
Write your customer number on your check or money order. Do not send cash.

0103735614                    X0000000000000015510X


**UNITED STATES**
**POSTAL SERVICE**

## Statement

Page 1   of 1

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9640

STATEMENT DATE: 22-JAN-2014
CUSTOMER NUMBER: 03735614
TOTAL DUE:  $     1,160.45

KUANGBAO P OUYOUNG
1362 WRIGHT AVE
SUNNYVALE CA 94087-3025

**Questions or correspondence:**

INITIAL INQUIRIES MUST BE MADE TO YOUR
FORMER OFFICE OF EMPLOYMENT.  FOR
ADDITIONAL ASSISTANCE CALL 651 681-1404.
MAKE CHECK PAYABLE TO: US POSTAL SERVICE

| TRANSACTION NUMBER | DATE | TRANSACTION TYPE | DUE DATE | REFERENCE | TRANSACTION AMOUNT | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 702154620 | 04-AUG-10 | Invoice | 03-SEP-10 | P36320 PRD | 155.10 | 155.10 |
| 1424695 | 09-FEB-11 | Invoice | 11-MAR-11 | Q29850 PRD | 160.00 | 160.00 |
| 702215606 | 02-MAR-11 | Invoice | 01-APR-11 | P92450 PRD | 173.76 | 173.76 |
| 702246160 | 08-JUN-11 | Invoice | 08-JUL-11 | P45800 PRD | 74.48 | 74.48 |
| 702238427 | 11-MAY-11 | Invoice | 10-JUN-11 | P25470 PRD | 186.20 | 186.20 |
| 702175744 | 13-OCT-10 | Invoice | 12-NOV-10 | P88100 PRD | 155.10 | 155.10 |
| 702193633 | 22-DEC-10 | Invoice | 21-JAN-11 | P36970 PRD | 155.10 | 155.10 |
| 702336005 | 28-MAR-12 | Invoice | 27-APR-12 | B97810 PRD | 100.71 | 100.71 |

| Current | 1-30 Days | 31-60 Days | 61-90 Days | Over 90 Days | FINANCE CHARGES | TOTAL DUE |
|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 1,160.45 | 0.00 $ | 1,160.45 |

----- To ensure proper credit to your account,  Please return bottom portion with your remittance -----

**UNITED STATES**
**POSTAL SERVICE**
ATTN: FINANCIAL PROCESSING
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9616

STATEMENT DATE: 22-JAN-2014
CUSTOMER NUMBER: 03735614
TOTAL DUE:  $     1,160.45

AMOUNT PAID:  $ _____._____

KUANGBAO P OUYOUNG
1362 WRIGHT AVE
SUNNYVALE CA 94087-3025

**MAIL TO:**

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9640

☐ Check here to change address, complete new address on reverse.
  Write your customer number on your check or money order. Do not send cash.

0103735614                    X00000000000116045X

# Exhibit IX

English     Customer Service     USPS Mobile                    Register / Sign In

 **USPS.COM**                  Search USPS.com or Track Packages

**Quick Tools**
Track
**Enter up to 10 Tracking # Find**
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Look Up a Zip Code™
Hold Mail
Change of Address

Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

## USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

Tracking Number: 9114901230801375051284

Expected Delivery Day: **Wednesday, March 12, 2014**

## Product & Tracking Information

| Postal Product: | Features: | |
|---|---|---|
| Priority Mail 2-Day™ | $50 insurance included | USPS Tracking™ |

**Available Actions**

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 18, 2014 , 7:38 am | Delivered | WASHINGTON, DC 20515 |
| March 16, 2014 , 11:49 am | Available for Pickup | WASHINGTON, DC 20515 |
| March 16, 2014 , 10:42 am | Arrival at Hub | WASHINGTON, DC 20018 |
| March 14, 2014 | Depart USPS Sort Facility | WASHINGTON, DC 20018 |
| March 13, 2014 , 10:38 am | Processed through USPS Sort Facility | WASHINGTON, DC 20018 |
| March 11, 2014 | Depart USPS Sort Facility | SAN FRANCISCO, CA 94188 |
| March 10, 2014 , 7:52 pm | Processed at USPS Origin Sort Facility | SAN FRANCISCO, CA 94188 |
| March 10, 2014 , 3:44 pm | Dispatched to Sort Facility | SUNNYVALE, CA 94087 |
| March 10, 2014 , 11:12 am | Acceptance | SUNNYVALE, CA 94087 |

## Track Another Package

**What's your tracking (or receipt) number?**

[                                        ] [ Track It ]

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

**USPS.COM**   |   Copyright© 2014 USPS. All Rights Reserved.

# Exhibit X

**IMPORTANT!**
Severe weather is causing delays and disruptions across the U.S. Learn More

**FedEx.**

| Ship (P/U) date :<br>**Mon 3/24/2014** | **Delivered**<br>Signed for by: SEEGIDAD | Actual delivery :<br>**Fri 3/28/2014 1:15 pm** |
|---|---|---|
| LOS ALTOS, CA  US | | WASHINGTON, DC  US |

Let us tell you when your shipment arrives. Sign up for delivery notifications

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **- 3/28/2014 - Friday** | | |
| 1:15 pm | Delivered | Upper Marlboro, MD |
| 5:09 am | On FedEx vehicle for delivery | BELTSVILLE, MD |
| 4:53 am | At local FedEx facility | BELTSVILLE, MD |
| 2:40 am | Departed FedEx location | HAGERSTOWN, MD |
| **- 3/27/2014 - Thursday** | | |
| 10:56 pm | Departed FedEx location | HAGERSTOWN, MD |
| 3:57 pm | Arrived at FedEx location | HAGERSTOWN, MD |
| **- 3/25/2014 - Tuesday** | | |
| 8:46 am | Departed FedEx location | SACRAMENTO, CA |
| 3:14 am | Arrived at FedEx location | SACRAMENTO, CA |
| **- 3/24/2014 - Monday** | | |
| 10:27 pm | Left FedEx origin facility | SAN JOSE, CA |
| 6:48 pm | Arrived at FedEx location | SAN JOSE, CA |
| 4:00 pm | Picked up | SAN JOSE, CA |
| 3:03 pm | Shipment information sent to FedEx | |

Local Scan Time

## Shipment Facts

| Tracking number | 661225715036624 | Service | FedEx Ground |
|---|---|---|---|
| Reference | KUANG-BAO OU-YOUNG | Weight | 3.2 lbs |
| Total pieces | 1 | Invoice number | PKG ID: 71782 |
| Packaging | Package | | |

# Exhibit XI

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Complainant Pro Se

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**CRIMINAL DIVISION**
**HALL OF JUSTICE**

| | | |
|---|---|---|
| **KUANG-BAO P. OU-YOUNG** | ) | Case No. |
| | ) | |
| v. | ) | **CRIMINAL COMPLAINT** |
| | ) | |
| **MARK HARWELL,** | ) | |
| Supervising Marshal, San Jose Courthouse, | ) | |
| United States District Court for the | ) | |
| Northern District of California, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JURISDICTION AND VENUE**

1.      Rule 3 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") provides:

>    The complaint is a written statement of the essential facts constituting the offense charged. Except as provided in Rule 4.1, it must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer.

Rule 1(b)(10)(A) of the Fed. R. Crim. P. defines "a state or local judicial officer" as "a state or

local officer authorized to act under 18 U.S.C. § 3041." 18 U.S.C. § 3041, in turn, provides:

>    For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate judge, or by any chancellor, judge of a supreme or superior court, … of any state where the offender may be found, and at the expense of the United States, be arrested and imprisoned or released as provided in chapter 207 of this title, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. …

Criminal Complaint - 1 of 3

2.      Venue is proper under Local Criminal Rule 1H(1) at the Hall of Justice because the federal crime arose inside the San Jose courthouse of the United States district court for the northern district of California (the "district court").

## STATEMENT OF FACTS

3.      On February 13, 2014, around 9:30 a.m., complainant arrived at the San Jose courthouse of the district court, located at 280 South First Street, San Jose, California. Inside the courthouse at courtroom 7, 4th floor, United States district judge D. Lowell Jensen presided over federal criminal proceedings all morning. Complainant had brought a confidential document to be sworn to before judge Jensen.

4.      After complainant cleared security at the courthouse entrance, supervising marshal Mark Harwell ordered complainant to file the confidential document at the clerk's office, citing the Local Rules of the district court. *See* the next page for a copy of the receipt. Deputy clerk Betty Watson issued the receipt to complainant.

5.      However, the confidential document that complainant brought was a federal criminal complaint against deputy clerk Watson. The Local Criminal Rules of the district court is silent on the procedure as to having a federal criminal complaint sworn to before a district judge. In addition, judge Jensen's courtroom was open to the public during the scheduled criminal proceedings. Consequently, marshal Harwell has abused his authority to intimidate complainant into submitting the federal criminal complaint to the clerk's office rather than judge Jensen's courtroom.

6.      In so doing, marshal Harwell has violated 18 U.S.C. § 1512(c), which prohibits tampering with federal court records. At the same time, marshal Harwell has violated 18 U.S.C. § 1512(b), which prohibits tampering with witness in federal court proceedings. Marshal Harwell has intentionally stopped complainant from presenting the federal criminal complaint to judge

Jensen. Accordingly, complainant hereby files this complaint so as to assert his entitlement to

procedure due process under the Fifth Amendment of the United States Constitution.

_____

*Complainant's signature*
KUANG-BAO P. OU-YOUNG
Complainant Pro Se

Sworn to before me and signed in my presence,

Date:

_____

City and state: San Jose, California

*Judge's signature*

The Honorable D. Lowell Jensen
District Judge
United States District Court
for the Northern District of California

Confidential





RECEIVED

FEB 1 3 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

INSPECTED BY
US MARSHALS

FEB 1 3 2014

Criminal Complaint - 3 of 3

Exhibit XII

San Jose Police Department
201 West Mission Street
San Jose, CA 95110

## CRIME REPORT

The undersigned is a resident of the city of Sunnyvale, California. As a victim of a

federal crime committed on February 13, 2014 at the San Jose courthouse of the United States

district court for the northern district of California (the "district court"), the undersigned reports

the incident as follows:

On February 13, 2014, around 9:30 a.m., the undersigned arrived at the San Jose

courthouse of the district court, located at 280 South First Street, San Jose, California. Inside the

courthouse, at courtroom 7, 4th floor, United States district judge D. Lowell Jensen presided over

federal criminal proceedings all morning. The undersigned had brought a confidential document

to be sworn to before judge Jensen.

After the undersigned cleared security at the courthouse entrance, supervising marshal

Mark Harwell ordered the undersigned to file the confidential document at the clerk's office,

citing the Local Rules of the district court. *See* the next page for a copy of the receipt. Deputy

clerk Betty Watson issued the receipt to the undersigned.

However, the confidential document that the undersigned brought to the district court was

a federal criminal complaint against clerk Watson. The Local Criminal Rules of the district court

is silent on the procedure as to having a federal criminal complaint sworn to before a district

judge. Besides, judge Jensen's courtroom was open to the public during the scheduled criminal

proceedings. Hence marshal Harwell has abused his authority to intimidate the undersigned into

submitting the federal criminal complaint to the clerk's office rather than judge Jensen's

courtroom. In so doing, marshal Harwell has violated 18 U.S.C. § 1512(c), which prohibits

tampering with federal court records. At the same time, marshal Harwell has violated 18 U.S.C.

§ 1512(b), which prohibits tampering with witness in federal court proceedings.

-1-

As a result of marshal Harwell's harassment, the undersigned feels unsafe inside the San Jose courthouse of the district court. Unless the United States Marshals Service guarantees the undersigned's safety, the undersigned requests that the San Jose Police Department provide escort during the undersigned's future visits to the San Jose courthouse of the district court.

Kuang-Bao P. Ou-Young
1362 Wright Avenue
Sunnyvale, CA 94087
(408) 736-7793



The Honorable D. Lowell Jensen
District Judge
United States District Court
for the Northern District of California

Confidential

RECEIVED

FEB 1 3 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

INSPECTED BY
US MARSHALS

FEB 1 3 2014



# Exhibit XIII

## IN THE UNITED STATES HOUSE OF REPRESENTATIVES

## PETITION FOR IMPEACHMENT

Complainant Kuang-Bao P. Ou-Young, a citizen of the State of California and the United States, petitions the honorable House of Representatives of the United States for impeachment against United States district judge Ronald M. Whyte, United States district judge Jeffrey S. White, United States district judge Edward M. Chen, United States district judge Lucy H. Koh, and United States district judge Richard Seeborg, United States district court for the northern district of California (the "district court"), as well as United States attorney general Eric H. Holder, Jr., United States postmaster general, Patrick R. Donahoe, commissioner for fiscal service (successor of financial management service ("FMS")), United States Department of the Treasury, David A. Lebryk, director of United States Marshals Service, Stacia Hylton, United States marshal for the northern district of California, Donald M. O'Keefe, and supervisory deputy U.S. marshal at the San Jose office of the United States marshal for the northern district of California, Mark Harwell, United States attorney for the northern district of California, Melinda Haag, assistant United States attorney James A. Scharf, and assistant United States attorney Claire T. Cormier, United States attorney's office for the northern district of California. This petition is based on the federal criminal statutes against obstruction of justice in 18 U.S.C. §§ 1509, 1512(b), and 1512(c) as well as Section 4, Article II of the Constitution.

18 U.S.C. § 1509 prohibits interfering with the due exercise of rights under any order, judgment or decree of a court of the United States. 18 U.S.C. § 1512(b) prohibits tampering with witness in federal official proceedings. And 18 U.S.C. § 1512(c) prohibits tampering with federal official records. As a result of violation of any of these statutes, federal officials are subjected to impeachment under Section 4, Article II of the Constitution. Wherein the Constitution gravely provides:

> The President, Vice President, and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

This petition asserts that the aforementioned federal officers have violated 18 U.S.C. §§ 1509, 1512(b), and 1512(c) in a series of lawsuits which complainant filed with the district court. Upon proof of liability for the claimed criminal offenses, these civil officers must be impeached and removed from office.

This petition for impeachment represents a major revision of the petition that complainant submitted on March 11, 2014. As a result, the present petition replaces the March 11 petition.

## STATEMENT OF FACTS

1.      On February 2, 2010, complainant filed a civil case against the United States Postal Service (the "Postal Service", "USPS") with the district court (Case No. 5:10-cv-00464-RS (C10-00464RS), "Docket A").

2.      On June 10, 2011, judge Seeborg issued a summary judgment and dismissed case C10-00464RS. Doc. Nos. A53, A54.

3.      On May 31, 2012, complainant filed a civil case against four postal employees (Case No. 5:12-cv-02789-LHK (C12-02789LHK), "Docket B"). Case C12-02789LHK resulted from the postal employees' presentation of false declarations in defense of the Postal Service in case C10-00464RS.

4.      On August 9, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf moved to dismiss case C12-02789LHK. Doc. No. B20.

5.      On November 9, 2012, judge Koh dismissed case C12-02789LHK. The dismissal order was entered as judgment on November 21. Doc. Nos. B28, B29.

6.      On December 5, 2012, complainant moved for summary judgment and to vacate the November 21 judgment dismissing case C12-02789LHK. Docs. No. B33, B34.

7.      Also on December 5, 2012, complainant moved to disqualify judge Koh from case C12-02789LHK. Doc No. B36.

8.      On June 10, 2013, judge Koh denied complainant's December 5, 2012 motion for summary judgment as well as motions to vacate judgment and to disqualify herself from case C12-02789LHK. Doc. No. B48.

9.      In response to judge Koh's denial of the December 5, 2012 motion to vacate judgment, complainant filed a civil action on September 25, 2013 (Case No. 3:13-cv-04442-EMC (C13-04442EMC), "Docket E").

10.     On November 5, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier moved to dismiss case C13-04442EMC. Doc. No. E24.

11.     On November 14, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier moved to declare complainant a vexatious litigant. Doc. No. E28.

12.     On December 13, 2013, complainant moved to disqualify judge Chen from case C13-04442EMC for the third time. Doc. No. E38.

13.     Judge Chen denied complainant's third motion to disqualify judge Chen himself from case C13-04442EMC on December 20, 2013. In the order, judge Chen also dismissed case C13-04442EMC. Doc. No. E40. Judge Chen then subjected complainant's further complaints to "pre-filing review" by the "general duty judge" based on the November 14 vexatious litigant motion. *Ditto* at 16-17.

> Plaintiff must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in the Court. The clerk of this Court shall not accept for filing any further complaints filed by Plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether

Plaintiff has stated a potentially cognizable claim in a short intelligible and plain statement.

14.     In response to judge Chen's dismissal of case C13-04442EMC, complainant lodged a complaint at the clerk's office of the San Jose division of the district court on January 23, 2014 (Case No. 5:14-mc-80017-RMW (C14-80017RMW), "Docket MA"). Rule 1-5(m) of the district court's Civil Local Rules defines "lodge" as:

> When a statute, rule or order permits a document to be submitted to the Court but does not permit the document to be "filed" (e.g., settlement conference statement, deposition transcripts or a proposed trial exhibit), the document may be "lodged" with the Clerk's office. The Clerk will stamp the document "received" and promptly deliver it to the Chambers of the Judge for whom the document is intended.

Under judge Chen's dismissal order, the lodged complaint was assigned later to judge Whyte for pre-filing review.

15.     In response to judge Chen's dismissal of case C13-04442EMC, complainant lodged a complaint at the clerk's office of the San Francisco division of the district court on January 24, 2014 (Case No. 3:14-mc-80018-RS (C14-80018RS), "Docket MB"). Under judge Chen's dismissal order, the receiving clerk assigned the lodged complaint to judge Seeborg for pre-filing review.

16.     On January 30, 2014, judge Whyte dismissed case C14-80017RMW before allowing complainant to "file". Doc. No. MA4.

17.     In response to judge Chen's dismissal of case C13-04442EMC, complainant lodged a complaint at the clerk's office of the Oakland division of the district court on February 3, 2014 (Case No. 4:14-mc-80028-JSW (C14-80028JSW), "Docket MC"). Under judge Chen's dismissal order, the lodged complaint was assigned later to judge White for pre-filing review.

18.     In response to judge Whyte's dismissal of case C14-80017RMW, complainant filed a complaint against judge Whyte and judge Chen at the San Jose division of the district

court on February 6, 2014. Upon receipt of the complaint, deputy clerk Betty Watson issued a

summons, a scheduling order, and a case number to complainant (Case No. C14-00567HRL).

Exhibits I-III.

19.     The complaint in case C14-00567HRL asserts just one claim: (Exhibit III at 6)

> Judge Whyte's January 30, 2014 dismissal order in conjunction with judge
> Chen's December 20, 2013 dismissal order have denied plaintiff procedural
> due process in violation of the Due Process Clause of the Fifth Amendment to
> the United States Constitution.

The claim alleged no violations of 18 U.S.C. §§ 371, 1512(b), 1512(c) or 28 U.S.C § 2671 *et seq.*

Further, the claim named only judge Whyte and judge Chen as defendants. Neither judge Whyte

nor judge Chen was named a defendant in case C14-04442EMC or the preceding cases. As a

result, judge Chen's dismissal order has exempted the complaint in case C14-00567HRL from

pre-filing review. Still, clerk Watson cancelled case C14-00567HRL and assigned the complaint

to judge White for pre-filing review later (Case No. 3:14-mc-80030-JSW (C14-80030JSW),

"Docket ME").

20.     On February 7, 2014, judge Seeborg dismissed case C14-80018RS (¶ 15) before

allowing complainant to "file". Doc. No. MB2.

21.     On February 13, 2014, complainant brought a criminal complaint against clerk

Watson to the San Jose courthouse of the district court. Exhibit IV. Complainant had brought the

criminal complaint to be sworn to before district judge D. Lowell Jensen under Rule 3 of the

Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). Specifically, Rule 3 provides:

> The complaint is a written statement of the essential facts constituting the
> offense charged. Except as provided in Rule 4.1, it must be made under oath
> before a magistrate judge or, if none is reasonably available, before a state or
> local judicial officer.

Rule 1(c) of Fed. R. Crim. P., in turn, provides: "When these rules authorize a magistrate judge

to act, any other federal judge may also act."

22.     After complainant cleared security at the courthouse entrance, deputy marshal Harwell ordered complainant to file the criminal complaint at the clerk's office. Clerk Watson received the criminal complaint and issued a receipt to complainant afterwards.

23.     On February 25, 2014, complainant filed a crime report with both director Hylton and marshal O'Keefe concerning the incident that occurred at the San Jose courthouse of the district court on February 13 (USPS Tracking Nos. 9114901230801375041513, 37). Exhibit V.

24.     Due to the lack of response from either director Hylton or marshal O'Keefe, complainant submitted a petition for impeachment against judge Whyte, judge Chen, director Hylton, marshal O'Keefe, and deputy marshal Harwell to the House Judiciary Committee on March 11, 2014. The petition was sent initially to six members of the Committee by the Postal Service's priority mail on March 10, 2014 (USPS Tracking Nos. 9114901230801375051284, 307). Exhibit VI.

25.     On March 18, 2014, USPS tracking showed that complainant's March 11 petition for impeachment was available for pickup at 11:49 a.m. Eastern time. *See* Exhibit VI.

26.     On March 19, 2014, Financial Management Service ("FMS") of the Treasury Department notified complainant about collecting certain debts owed to the Postal Service (Case Nos. 2014083221A, 3486A, 3493A, 3749A, 3879A, 3967A, 4066A, 4303A). Exhibit VII. The Postal Service started sending complainant monthly notice about these debts on September 27, 2010, when case C10-00464RS was under litigation. The Postal Service mailed the last monthly notice on January 22, 2014, after judge Chen dismissed case C14-04442EMC. ¶ 13. Exhibit VIII.

27.     On March 21, 2014, USPS tracking showed that complainant's March 11 petition for impeachment was delivered on March 18 at 7:38 a.m. Eastern time. Exhibit IX.

28.     On March 24, 2014, complainant sent the March 11 petition for impeachment to nine additional members of the House Judiciary Committee by Fedex ground. Exhibit X.

29.     Also on March 24, 2014, complainant informed FMS that the debts referred by the Postal Service were still under litigation. ¶ 26. FMS replied that the collection process would continue regardless.

30.     On March 26, 2014, judge White dismissed case C14-80028JSW before allowing complainant to "file". Doc. No. MC4. ¶ 17.

31.     Also on March 26, 2014, judge White dismissed case C14-80030JSW before allowing complainant to "file". Doc. No. ME2. ¶¶ 18-19.

32.     On March 28, 2014, Fedex tracking showed that the petition for review sent on March 24 (¶ 28) was delivered at 1:15 p.m. Eastern time. *See* Exhibit X.

33.     On April 3, 2014, FMS informed complainant that collection of the debts still under litigation had been suspended. ¶¶ 26, 29.

### GROUNDS FOR IMPEACHMENT

34.     On August 9, 2012, U.S. attorney Haag and assistant U.S. attorney Scharf moved to dismiss case C12-02789LHK based on, *inter alia*, the private right of action theory. ¶ 4. Doc. No. B20 at 18. However, the Supreme Court has held:

> These considerations suggest that, in varying scope, a qualified immunity is available to officers of the executive branch of government, the variation being dependent upon the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based.

*Scheuer v. Rhodes*, 416 U.S. 232, 247 (1974). Based on the ruling, all defendants in case C12-02789LHK lacked immunity from the criminal claims in the complaint. "Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint." *Ditto* at 250. Thus, the motion to dismiss case C12-02789LHK interferes with *Scheuer*. U.S. attorney Haag and assistant U.S. attorney Scharf have violated 18 U.S.C. § 1509.

35. Because the motion to dismiss case C12-02789LHK interferes with *Scheuer*, U.S. attorney Haag and assistant U.S. attorney Scharf have fabricated the motion to dismiss and violated 18 U.S.C. § 1512(c).

36. U.S. attorney Haag and assistant U.S. attorney Scharf fabricated the motion to dismiss case C12-02789LHK so as to intimidate complainant into abandoning the case. In so doing, U.S. attorney Haag and assistant U.S. attorney Scharf have violate 18 U.S.C. § 1512(b).

37. On November 9, 2013, judge Koh dismissed case C12-02789LHK based on the private right of action theory as well. ¶ 5. Doc. No. B28 at 6-7. Because judge Koh dismissed case C12-02789LHK without a motion for summary judgment from either U.S. attorney Haag or assistant U.S. attorney Scharf, the dismissal order interferes with *Scheuer*. Accordingly, judge Koh has violated 18 U.S.C. § 1509.

38. Because the order dismissing case C12-02789LHK interferes with *Scheuer*, judge Koh has fabricated the dismissal order and violated 18 U.S.C. § 1512(c).

39. Judge Koh fabricated the order dismissing case C12-02789LHK to intimidate complainant into abandoning the case. In so doing, judge Koh has violated 18 U.S.C. § 1512(b).

40. 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Judge Koh should have recused herself from case C12-02789LHK after complainant's December 5, 2012 motion to disqualify judge. ¶ 7. Yet on June 10, 2013, judge Koh persisted in denying the December 5, 2012 motions to disqualify judge and to vacate judgment. ¶ 8. Thus, judge Koh's order denying complainant's motion to vacate judgment interferes with 28 U.S.C. § 144 and represents direct violation of 18 U.S.C. § 1509.

41.     Because judge Koh's order denying complainant's motion to vacate judgment in case C12-02789LHK interferes with 28 U.S.C. § 144, judge Koh has fabricated the denial order and violated 18 U.S.C. § 1512(c).

42.     Judge Koh fabricated the order denying complainant's motion to vacate judgment in case C12-02789LHK so as to intimidate complainant into abandoning the case. In so doing, judge Koh has violated 18 U.S.C. § 1512(b).

43.     On November 5, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier moved to dismiss case C13-04442EMC based on, *inter alia*, the presumption that judge Koh was "absolutely immune from civil liability for damages for [her] judicial acts." ¶ 10. Doc. No. E24 at 6. However, the Supreme Court has held that "a judge is not absolutely immune from criminal liability." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Ex parte Virginia*, 100 U.S. 339, 348-349 (1880)). "Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint." *Scheuer* at 250. Because the motion to dismiss case C13-04442EMC interferes with both *Mireles* and *Scheuer*, U.S. attorney Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1509.

44.     Because the motion to dismiss case C13-04442EMC interferes with both *Mireles* and *Scheuer*, U.S. attorney Haag and assistant U.S. attorney Cormier have fabricated the motion to dismiss and violated 18 U.S.C. § 1512(c).

45.     U.S. attorney Haag and assistant U.S. attorney Cormier fabricated the motion to dismiss case C13-04442EMC so as to intimidate complainant into abandoning the case. Thus, U.S. attorney Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1512(b).

46.     As a defendant in the case, attorney general Holder has authorized fabrication of the motion to dismiss case C13-04442EMC and violated 18 U.S.C. § 1512(c).

47.     Attorney general Holder authorized fabrication of the motion to dismiss case C13-04442EMC in order to intimidate complainant into abandoning the case. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(b).

48.     On November 14, 2013, U.S. attorney Haag and assistant U.S. attorney Cormier moved to declare complainant a vexatious litigant based on, *inter alia*, the fact that judge Koh dismissed case C12-02789LHK on November 9, 2012. ¶ 11. Doc. No. E28 at 5. Because judge Koh's order dismissing case C12-02789LHK constitutes a fabrication, U.S. attorney Haag and assistant U.S. attorney Cormier have fabricated the vexatious litigant motion and violated 18 U.S.C. § 1512(c).

49.     U.S. attorney Haag and assistant U.S. attorney Cormier fabricated the vexatious litigant motion in case C13-04442EMC so as to intimidate complainant into abandoning the case. Thus, U.S. attorney Haag and assistant U.S. attorney Cormier have violated 18 U.S.C. § 1512(b).

50.     As a defendant in the case, attorney general Holder has authorized fabrication of the vexatious litigant motion in case C13-04442EMC and violated 18 U.S.C. § 1512(c).

51.     Attorney general Holder authorized fabrication of the vexatious litigant motion in case C13-04442EMC in order to intimidate complainant into abandoning the case. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(b).

52.     On December 20, 2013, judge Chen dismissed case C13-04442EMC without a motion for summary judgment from either U.S. attorney Haag or assistant U.S. attorney Cormier. ¶ 13. In addition, judge Chen should have recused himself from case C13-04442EMC after complainant's December 13, 2013 motion to disqualify judge. ¶ 12. Yet on December 20, 2013, judge Chen persisted in dismissing case C13-04442EMC. ¶ 13. Hence the order dismissing case C13-04442EMC interferes with *Scheuer* and 28 U.S.C § 144. Judge Chen has violated 18 U.S.C. § 1509. *See also* ¶¶ 37, 40.

Case5:14-mc-80174-BLF   Document1   Filed06/10/14   Page107 of 113

53.     Because the order dismissing case C13-04442EMC interferes with *Scheuer* and 28 U.S.C § 144, judge Chen has fabricated the dismissal order and violated 18 U.S.C. § 1512(c).

54.     Judge Chen fabricated the order dismissing case C13-0442EMC to intimidate complainant into abandoning the case. In so doing, judge Chen has violated 18 U.S.C. § 1512(b).

55.     Under color of judge Chen's order dismissing case C13-04442EMC, judge Whyte dismissed case C14-80017RMW before allowing complainant to file on January 30, 2014. ¶¶ 14, 16. Because judge Chen's order dismissing case C13-04442EMC interferes with *Scheuer, See* ¶ 52, judge Whyte's order dismissing case C14-80017RMW interferes with *Scheuer*. Besides, by dismissing case C14-80017RMW before allowing complainant to file, the dismissal order has denied complainant procedural due process and interferes with the Fifth Amendment of the Constitution. Because the dismissal order interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge Whyte has violated 18 U.S.C. § 1509.

56.     Because judge Whyte's order dismissing case C14-80017RMW interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge Whyte has fabricated the dismissal order and violated 18 U.S.C. § 1512(c).

57.     Judge Whyte fabricated the order dismissing case C14-80017RMW in order to intimidate complainant into abandoning the case. In so doing, judge Whyte has violated 18 U.S.C. § 1512(b).

58.     Under color of judge Chen's order dismissing case C13-04442EMC, judge Seeborg dismissed case C14-80018RS before allowing complainant to file on February 7, 2014. ¶¶ 15, 20. Because judge Chen's order dismissing case C13-04442EMC interferes with *Scheuer, See* ¶ 52, judge Seeborg's order dismissing case C14-80018RS interferes with *Scheuer*. Besides, by dismissing case C14-80018RS before allowing complainant to file, the dismissal order has denied complainant procedural due process and interferes with the Fifth Amendment of the

Constitution. Because the dismissal order interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge Seeborg has violated 18 U.S.C. § 1509.

59.     Because judge Seeborg's order dismissing case C14-80018RS interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge Seeborg has fabricated the dismissal order and violated 18 U.S.C. § 1512(c).

60.     Judge Seeborg fabricated the order dismissing case C14-80018RS in order to intimidate complainant into abandoning the case. In so doing, judge Seeborg has violated 18 U.S.C. § 1512(b).

61.     On February 13, 2014, deputy marshal Harwell ordered complainant to submit the federal criminal complaint against clerk Watson at the clerk's office of the San Jose courthouse of the district court, instead of judge Jensen's courtroom. ¶¶ 21-22. In so doing, deputy marshal Harwell has interfered with Rule 3 of Fed. R. Crim. P. and violated 18 U.S.C. § 1509.

62.     Rule 4(a) of Fed. R. Crim. P. provides:

> If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it.

Deputy marshal Harwell's act of misdirection has prevented an arrest warrant against clerk Watson from being issued by judge Jensen. Accordingly, deputy marshal Harwell has violated 18 U.S.C. § 1512(c).

63.     Deputy marshal Harwell ordered complainant to submit the criminal complaint to clerk Watson so as to intimidate complainant into abandoning case C14-00567HRL. In so doing, deputy marshal Harwell has violated 18 U.S.C. § 1512(b).

64.     As a defendant in case C13-04442EMC, attorney general Holder has authorized deputy marshal Harwell's act of misdirection in case C14-00567HRL and violated 18 U.S.C. § 1512(c).

65.     As a defendant in case C13-04442EMC, attorney general Holder authorized deputy marshal Harwell's act of misdirection so as to intimidate complainant into abandoning the case. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(b).

66.     Marshal O'Keefe has failed to respond to complainant's crime report against deputy marshal Harwell in case C14-00567JRL. ¶¶ 21-23. In so doing, marshal O'Keefe has violated 18 U.S.C. § 1512(c).

67.     Marshal O'Keefe refused to respond to complainant's crime report against deputy marshal Harwell in case C14-00567HRL to intimidate complainant into abandoning the case. In so doing, marshal O'Keefe has violated 18 U.S.C. § 1512(b).

68.     As a defendant in case C13-04442EMC, attorney general Holder has authorized marshal O'Keefe's refusal to respond to complainant's crime report against deputy marshal Harwell and violated 18 U.S.C. § 1512(c).

69.     As a defendant in case C13-04442EMC, attorney general Holder authorized marshal O'Keefe's refusal to respond to complainant's crime report against deputy marshal Harwell so as to intimidate complainant into abandoning the case. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(b).

70.     Director Hylton has failed to respond to complainant's crime report against deputy marshal Harwell in case C14-00567HRL and violated 18 U.S.C. § 1512(c). ¶¶ 21-23.

71.     Director Hylton refused to respond to complainant's crime report against deputy marshal Harwell in case C14-00567HRL to intimidate complainant into abandoning the case. In so doing, director Hylton has violated 18 U.S.C. § 1512(b).

72.     As a defendant in case C13-04442EMC, attorney general Holder has authorized director Hylton's refusal to respond to complainant's crime report against deputy marshal Harwell and violated 18 U.S.C. § 1512(c).

73.     As a defendant in case C13-04442EMC, attorney general Holder authorized director Hylton's refusal to respond to complainant's crime report against deputy marshal Harwell so as to intimidate complainant into abandoning the case. In so doing, attorney general Holder has violated 18 U.S.C. § 1512(b).

74.     On March 18, 2014, USPS tracking showed that complainant's March 11 petition for impeachment was available for pickup at 11:49 a.m. Eastern time. ¶ 25. Yet on March 21, 2014, USPS tracking showed that the same petition was delivered on March 18 at 7:38 a.m. Eastern time. ¶ 27. As the substitute defendant in case C10-00464RS, postmaster general Donahoe has authorized fabrication of USPS tracking of complainant's March 11 petition for impeachment. In so doing, postmaster general Donahoe has violated 18 U.S.C. § 1512(c).

75.     Postmaster general Donahoe authorized fabrication of USPS tracking of complainant's March 11 petition for impeachment so as to intimidate complainant into abandoning case C10-00464RS as well as succeeding cases. In so doing, postmaster general Donahoe has violated 18 U.S.C. § 1512(b).

76.     As the substitute defendant in case C10-00464RS, postmaster general Donahoe has authorized bogus referral of the debts in dispute to FMS for collection and violated 18 U.S.C. § 1512(c).

77.     Postmaster general Donahoe authorized bogus referral of the debts in dispute to FMS for collection so as to intimidate complainant into abandoning case C10-00464RS as well as succeeding cases. In so doing, postmaster general Donahoe has violated 18 U.S.C. § 1512(b).

78.     On March 24, 2014, FMS insisted on collecting the debts referred by the Postal Service knowing that the debts were under litigation. ¶ 29. Hence commissioner Lebryk has authorized FMS's fraudulent notices of collection to cover up improprieties at the Postal Service. In so doing, commissioner Lebryk has violated 18 U.S.C. § 1512(c).

79.     Commissioner Lebryk authorized FMS's fraudulent notices of collection to intimidate complainant into abandoning case C10-00464RS as well as succeeding cases. In so doing, commissioner Lebryk has violated 18 U.S.C. § 1512(b).

80.     On March 24, 2014, FMS insisted on collecting the debts referred by the Postal Service. ¶ 29. FMS reversed itself only after Fedex delivered complainant's March 11 petition for impeachment on March 28. ¶¶ 32-33. Thus, commissioner Lebryk has authorized FMS's fraudulent refusal to suspend collection of the debts in dispute and violated 18 U.S.C. § 1512(c).

81.     Commissioner Lebryk authorized FMS's fraudulent refusal to suspend collection of the debts in dispute so as to intimidate complainant into abandoning case C10-00464RS as well as succeeding cases. In so doing, commissioner Lebryk has violated 18 U.S.C. § 1512(b).

82.     Under color of judge Chen's order dismissing case C13-04442EMC, judge White dismissed case C14-80028JSW before allowing complainant to file on March 26, 2014. ¶¶ 17, 30. Because judge Chen's order dismissing case C13-04442EMC interferes with *Scheuer*, *See* ¶ 52, judge White's order dismissing case C14-80028JSW interferes with *Scheuer*. Besides, by dismissing case C14-80028JSW before allowing complainant to file, the dismissal order has denied complainant procedural due process and interferes with the Fifth Amendment of the Constitution. Because the dismissal order interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge White has violated 18 U.S.C. § 1509.

83.     Because judge White's order dismissing case C14-80028JSW interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge White has fabricated the dismissal order and violated 18 U.S.C. § 1512(c).

84.     Judge White fabricated the order dismissing case C14-80028JSW to intimidate complainant into abandoning the case. In so doing, judge Whyte has violated 18 U.S.C. § 1512(b).

85.   Under color of judge Chen's order dismissing case C13-04442EMC, judge White dismissed case C14-80030JSW before allowing complainant to file on March 26, 2014. ¶¶ 19, 31. Because judge Chen's order dismissing case C13-04442EMC interferes with *Scheuer*, *See* ¶ 52, judge White's order dismissing case C14-80030JSW interferes with *Scheuer*. Besides, by dismissing case C14-80030JSW before allowing complainant to file, the dismissal order has denied complainant procedural due process and interferes with the Fifth Amendment of the Constitution. Because the dismissal order interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge White has violated 18 U.S.C. § 1509.

86.   Because judge White's order dismissing case C14-80030JSW interferes with *Scheuer* and the Fifth Amendment of the Constitution, judge White has fabricated the dismissal order and violated 18 U.S.C. § 1512(c).

87.   Judge White fabricated the order dismissing case C14-80030JSW to intimidate complainant into abandoning the case. In so doing, judge Whyte has violated 18 U.S.C. § 1512(b).

88.   Clerk Watson's exclusion from the present petition for impeachment is based on her non-officer status.

89.   Substantial grounds for impeachment have been left out of this petition for the sake of brevity. Based on the aforementioned cases, another civil action will be filed at the district court to comprehensively document the improprieties that occurred at the district court, the Justice Department, and the Postal Service.

90.   The vexatious litigant motion in case C13-04442EMC refers to two additional actions besides the aforementioned cases: C13-03118PSG and C13-03676SI. ¶ 11. Additional petitions for impeachment based on these two actions will be presented to the House Judiciary Committee in due course.

## CONCLUSION

Judge Whyte, judge White, judge Chen, judge Koh, judge Seeborg, attorney general Holder, U.S. attorney Haag, assistant U.S. attorney Scharf, and assistant U.S. attorney Cormier have abused their authorities to obstruct civil proceedings at the district court. Attorney general Holder, director Hylton, marshal O'Keefe, and deputy marshal Harwell have abused their authorities to obstruct criminal proceedings at the district court. Postmaster general Donahoe and commissioner Lebryk have abused their authorities to obstruct impeachment proceedings before the House. Thus, the aforementioned officers must be impeached and removed from office under Section 4, Article II of the Constitution.

Respectfully submitted this 25th day of April 2014.

*Kuang-bao Ou-young*

Kuang-Bao P. Ou-Young
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Complainant